SHARRON E. MCCLELLAN *v.* COMMISSIONER OF CORRECTION
(AC 27811)

Gruendel, Harper and Pellegrino, Js.

Argued April 23—officially released August 7, 2007

*Conrad Ost Seifert,* special public defender, for the appellant (petitioner).

*John P. Gravalec-Pannone,* senior assistant state's attorney, with whom, on the brief, was *Michael L. Regan,* state's attorney, for the appellee (respondent).

PER CURIAM. The petitioner, Sharron E. McClellan, appeals from the judgment of the habeas court dismissing his petition for a writ of habeas corpus. The petitioner claims that the court improperly concluded that his trial counsel rendered effective assistance regarding the investigation of his case. We affirm the judgment of the habeas court.

The following facts, as found by the court, and procedural history are relevant to our resolution of the petitioner's appeal. In August, 2001, the petitioner assisted the victim, his eight year old son, who had mental impairments,[1] in taking a shower during which the victim sustained second and third degree burns over 20 percent of his body. Subsequently, the victim was taken to a hospital due to his burn injuries. Because of the injuries to the victim, hospital employees contacted the department of children and families concerning possible child abuse. The department of children and families thereafter contacted the state police concerning the incident that had occurred. Upon being interviewed by the police, the petitioner responded, "[s]hould I put my hands behind my back so you can arrest me?" Later, the petitioner, upon introducing himself to two state police detectives uttered, "guilty as charged." The petitioner thereafter was arrested and charged in connection with the August, 2001 incident.

On April 28, 2002, the petitioner entered a written plea of nolo contendere to a substitute information alleging risk of injury to a child in violation of General Statutes § 53-21 (a) (1) and cruelty to persons in violation of General Statutes § 53-20. The petitioner was

---

[1] The court noted that the child's mother described him as having an anger management problem, slight mental retardation, attention deficit disorder and as having been diagnosed with depression. The court further noted that the petitioner thought the child was also autistic.

thereafter sentenced to a term of imprisonment of ten years, execution suspended after seven years, with five years probation. The petitioner did not appeal. On May 9, 2005, the petitioner filed a third amended petition for a writ of habeas corpus, alleging ineffective assistance of counsel. The court dismissed the petition on May 3, 2006, finding that the petitioner had failed to prove that his trial counsel's assistance had been ineffective. Certification to appeal was granted, and this appeal followed.

The petitioner claims that his trial counsel, Elizabeth M. Inkster, failed to investigate properly the state's allegations of how the victim's burns occurred. Specifically, the petitioner claims that Inkster provided ineffective assistance by failing to consult or to retain experts who could testify in that regard, including plumbing experts, burn experts and medical experts. We are not persuaded.

"In a habeas appeal, this court cannot disturb the underlying facts found by the habeas court unless they are clearly erroneous, but our review of whether the facts as found by the habeas court constituted a violation of the petitioner's constitutional right to effective assistance of counsel is plenary." (Internal quotation marks omitted.) *Baillargeon* v. *Commissioner of Correction*, 67 Conn. App. 716, 720, 789 A.2d 1046 (2002).

"A habeas petitioner can prevail on a constitutional claim of ineffective assistance of counsel [only if he can] establish both (1) deficient performance, and (2) actual prejudice. . . . For ineffectiveness claims resulting from guilty verdicts, we apply the two-pronged standard set forth in *Strickland* v. *Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984); *Levine* v. *Manson*, 195 Conn. 636, 639–40, 490 A.2d 82 (1985). For ineffectiveness claims resulting from guilty pleas, we apply the standard set forth in *Hill* v. *Lockhart*, 474

U.S. 52, 59, 106 S. Ct. 366, 88 L. Ed. 2d 203 (1985), which modified *Strickland*'s prejudice prong. . . .

"To satisfy the performance prong, the petitioner must show that counsel's representation fell below an objective standard of reasonableness. . . . A petitioner who accepts counsel's advice to plead guilty has the burden of demonstrating on habeas appeal that the advice was not within the range of competence demanded of attorneys in criminal cases. . . . To satisfy the prejudice prong, the petitioner must show a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. [Id.] . . . Reasonable probability does not require the petitioner to show that counsel's deficient conduct more likely than not altered the outcome in the case, but he must establish a probability sufficient to undermine confidence in the outcome. *Strickland* v. *Washington*, supra, 466 U.S. 693–94 . . . . The *Hill* court noted that [i]n many guilty plea cases, the prejudice inquiry will closely resemble the inquiry engaged in by courts reviewing ineffective-assistance challenges to convictions obtained through a trial. For example, where the alleged error of counsel is a failure to investigate . . . the determination whether the error prejudiced the defendant by causing him to plead guilty rather than go to trial will depend on the likelihood that discovery of the evidence would have led counsel to change his recommendation as to the plea. This assessment, in turn, will depend in large part on a prediction whether the evidence likely would have changed the outcome of a trial. *Hill* v. *Lockhart*, supra, [474 U.S.] 59 . . . . A reviewing court can find against a petitioner on either ground, whichever is easier." (Citations omitted; internal quotation marks omitted.) *Baillargeon* v. *Commissioner of Correction*, supra, 67 Conn. App. 721–23.

After our plenary review of the record as a whole, we conclude that the court properly concluded that the petitioner failed to carry his burden of establishing prejudice under the *Strickland-Hill* test.[2] As noted by the court, the petitioner produced no scientific evidence that would contradict the facts that already are part of the case. There was nothing to indicate how a burn expert would have aided in the petitioner's defense, when the evidence clearly demonstrated that the burns suffered by the victim resulted from the temperature of the hot water in the shower. Inkster testified that if the case had proceeded to trial, she would have used a plumbing expert. Additionally, it has not been shown that the failure to employ a medical expert in this case was improper. Our review of the record indicates that the court properly found that the petitioner failed to offer any evidence that an investigation would have led counsel to change her plea recommendation or otherwise led the petitioner to change his plea.

The judgment is affirmed.

---

[2] Because we conclude that the petitioner has failed to satisfy the prejudice prong, we do not determine whether the alleged failure to investigate adequately constituted deficient representation. See *Pierce* v. *Commissioner of Correction*, 100 Conn. App. 1, 12 n.5, 916 A.2d 864, cert. denied, 282 Conn. 908, 920 A.2d 1017 (2007).