ANDERSON VAZQUEZ *v.* COMMISSIONER OF
CORRECTION
(AC 28504)

Gruendel, Harper and Berdon, Js.

Argued January 8—officially released April 22, 2008

*Frederick W. Fawcett,* supervisory assistant state's attorney, with whom, on the brief, were *Jonathan C. Benedict,* state's attorney, and *Gerard P. Eisenman,* senior assistant state's attorney, for the appellant (respondent).

*William P. Burns, Jr.,* special public defender, for the appellee (petitioner).

*Opinion*

BERDON, J. The respondent, the commissioner of correction (commissioner), appeals from the judgment of the habeas court granting relief to the petitioner, Anderson Vazquez, on count one of his habeas petition and ordering a new trial. The commissioner claims that the court (1) abused its discretion by denying her petition for certification to appeal and (2) improperly concluded that the petitioner's trial counsel provided ineffective assistance of counsel by failing to present an alibi defense. We dismiss the appeal.

The following facts and procedural history are relevant to our review of the commissioner's appeal. The petitioner was arrested in connection with an armed robbery that occurred sometime after 11 p.m. on September 2, 2002, in Bridgeport. The petitioner was charged with robbery in the first degree in violation of General Statutes § 53a-134 (a) (4). David Abbamonte was appointed by the court as a special public defender to represent the petitioner. The jury found the petitioner guilty, and he was sentenced to a term of eighteen years imprisonment. The conviction was upheld on appeal. See *State* v. *Vazquez*, 87 Conn. App. 792, 867 A.2d 15, cert. denied, 273 Conn. 934, 875 A.2d 544 (2005). On March 23, 2004, the petitioner filed a petition for a writ of habeas corpus. The operative petition, in which he alleged, inter alia, that he was denied the effective assistance of counsel, was filed on December 7, 2005. The court granted his petition, concluding that Abbamonte's assistance as counsel was ineffective because he failed to call witnesses to establish the petitioner's alibi defense and that Abbamonte's ineffectiveness entitled the petitioner to a new trial. The court denied the commissioner's subsequent petition for certification to appeal, and this appeal followed.[1] Additional facts will be addressed as necessary.

In deciding whether the commissioner has established a clear abuse of discretion in the court's denial of her petition for certification, we must determine whether a certifiable issue exists. "A certifiable issue exists, warranting an appeal to this court, if a petitioner

---

[1] Our Supreme Court has determined that when either the petitioner or the commissioner "is denied a timely request for certification to appeal from a habeas court's judgment, such review may subsequently be obtained only if the appellant can demonstrate that the denial constituted an abuse of discretion." *Copas* v. *Commissioner of Correction*, 234 Conn. 139, 150, 662 A.2d 718 (1995). The court recognized that "[i]n enacting [General Statutes] § 52-470 (b), the legislature intended to discourage frivolous habeas appeals." (Internal quotation marks omitted.) *Copas* v. *Commissioner of Correction*, supra, 150.

[for certification] can show that the habeas court abused its discretion. To do so, a petitioner must demonstrate that the resolution of the underlying claim involves issues that are debatable among jurists of reason, that a court could resolve the issues differently or that the questions involved deserve encouragement to proceed further." (Internal quotation marks omitted.) *Bryant* v. *Commissioner of Correction*, 99 Conn. App. 434, 437, 914 A.2d 585, cert. granted on other grounds, 282 Conn. 910, 922 A.2d 1098 (2007); *Bowden* v. *Commissioner of Correction*, 93 Conn. App. 333, 338, 888 A.2d 1131, cert. denied, 277 Conn. 924, 895 A.2d 796 (2006). Our careful review of the record leads us to conclude that the court did not abuse its discretion when it denied the commissioner's petition for certification to appeal.

The commissioner claims that the court abused its discretion by denying her petition for certification to appeal. The commissioner argues that Abbamonte did not provide ineffective assistance of counsel by failing to call witnesses to present an alibi defense demonstrating that the petitioner was asleep with his girlfriend at the time of the robbery.[2] More specifically, the commissioner argues that the habeas court failed to "view [the petitioner's] claim in the light of trial strategy."

A claim of ineffective assistance of counsel "is governed by the test set forth in *Strickland* v. *Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984) . . . . For the petitioner to prevail on his claim of ineffective assistance of counsel, he must establish both that his counsel's performance was deficient and that there is a reasonable probability that, but for the counsel's mistakes, the result of the proceeding would have been different." (Citation omitted; internal quotation

---

[2] The commissioner does not appear to challenge any of the court's factual findings.

marks omitted.) *McClendon* v. *Commissioner of Correction*, 93 Conn. App. 228, 230, 888 A.2d 183, cert. denied, 277 Conn. 917, 895 A.2d 789 (2006). "In a habeas appeal, this court cannot disturb the underlying facts found by the habeas court unless they are clearly erroneous, but our review of whether the facts as found by the habeas court constituted a violation of the petitioner's constitutional right to effective assistance of counsel is plenary." (Internal quotation marks omitted.) *McClellan* v. *Commissioner of Correction*, 103 Conn. App. 159, 161, 927 A.2d 992 (2007).

During the hearing on the habeas corpus petition, the petitioner presented three witnesses: himself; Michelle Rosado, his girlfriend; and an attorney offered as an expert.[3] The state did not call any witnesses. The petitioner testified that during his criminal trial, Abbamonte called no witnesses on his behalf. The petitioner also testified that before his criminal trial, he informed Abbamonte of several alibi witnesses who would testify that on September 2, 2002, at the time of the armed robbery, he was asleep in his apartment with Rosado. The petitioner testified that Abbamonte informed him that calling these witnesses would not be necessary because the victim, whom he believed was in the United States illegally, would not show up at trial. Rosado testified that she was with the petitioner on the evening of September 2, 2002, that the petitioner had gone to sleep with her at approximately 9:30 or 10 p.m. and was asleep at the time of the robbery. Rosado also testified that the petitioner had never left the apartment after he returned home from church earlier that evening. Rosado testified that before trial, she informed Abbamonte that she was willing to testify on the petitioner's behalf, but on the day of trial, without explanation, he informed her that her testimony was unnecessary.

---

[3] No testimony was presented from Abbamonte, who was deceased at the time of the habeas proceedings.

Furthermore, with the consent of the commissioner, the petitioner introduced letters written by Cynthia Frazier and Carol Frazier, two women who lived on the first floor of the apartment building in which the petitioner resided.

The court found the petitioner and Rosado credible, and, on the basis of their testimony, concluded that Abbamonte had rendered ineffective assistance of counsel by failing to call these witnesses to establish an alibi defense.[4] In support of its conclusion, the court noted that there was no evidence in the form of criminal records or prior inconsistent statements suggesting that these witnesses would have been subject to effective impeachment by the state. In light of these findings, the court concluded that the potential alibi testimony had a "propensity to induce reasonable doubt in the minds of the jury . . . ."

Here, no evidence was introduced by the commissioner during the habeas trial demonstrating that Abbamonte's failure to call these alibi witnesses was a matter of professional judgment involving trial strategy. To the contrary, testimony was introduced by the petitioner suggesting that Abbamonte did not prepare an alibi defense because he believed that the robbery victim was present in the United States illegally and therefore would fail to show up at trial. Moreover, even if a tenable strategic justification existed that would have accounted for Abbamonte's failure to call these alibi witnesses, this would not insulate Abbamonte's actions from a subsequent claim of ineffective assistance of counsel. The United States Supreme Court has cautioned that "[t]he relevant question is not whether counsel's choices were strategic, but whether they were reasonable." *Roe* v. *Flores-Ortega*, 528 U.S. 470, 481, 120

---

[4] In making this finding, the court noted that the letters written by the Fraziers corroborated the testimony of the petitioner and Rosado.

S. Ct. 1029, 145 L. Ed. 2d 985 (2000); see also *Wiggins* v. *Smith*, 539 U.S. 510, 526, 123 S. Ct. 2527, 156 L. Ed. 2d 471 (2003) (deference inappropriate when counsel's decisions are product of inattention rather than reasoned strategic judgment); *Lynn* v. *Bliden*, 443 F.3d 238, 247 (2d Cir. 2006) ("[a]s a general rule, a habeas petitioner will be able to demonstrate that trial counsel's decisions were objectively unreasonable only if there [was] no . . . tactical justification for the course taken" [internal quotation marks omitted]), cert. denied, 549 U.S. 1257, 127 S. Ct. 1383, 167 L. Ed. 2d 168 (2007); *Eze* v. *Senkowski*, 321 F.3d 110, 129 (2d Cir. 2003) ("the decision not to call a witness must be grounded in some strategy that advances the client's interests").

In the present case, we note that "[t]he habeas court, as the trier of facts, is the sole arbiter of the credibility of witnesses and the weight to be given to their testimony." (Internal quotation marks omitted.) *Ankerman* v. *Commissioner of Correction*, 104 Conn. App. 649, 653, 935 A.2d 208 (2007), cert. denied, 285 Conn. 916, 943 A.2d 474 (2008). After our careful review of the record, the court's ruling and the briefs submitted by the parties, we conclude that the commissioner has not shown that the issues raised with regard to the court's granting of the petition for a writ of habeas corpus are debatable among jurists of reason, that a court could resolve the issues in a different manner or that the questions raised deserve encouragement to proceed further. See *Simms* v. *Warden*, 230 Conn. 608, 616, 646 A.2d 126 (1994). The commissioner has failed to demonstrate that the court's denial of her petition for certification to appeal constituted an abuse of discretion.

The appeal is dismissed.

In this opinion the other judges concurred.