******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

RICHARD READ *v.* COMMISSIONER
OF CORRECTION
(AC 35522)

DiPentima, C. J., and Lavine and Beach, Js.

*Argued September 26—officially released November 18, 2014*

(Appeal from Superior Court, judicial district of
Tolland, Cobb, J.)

*Michael Zariphes*, assigned counsel, for the appellant (petitioner).

*Melissa L. Streeto*, senior assistant state's attorney, with whom, on the brief, were *Brian Preleski*, state's attorney, and *Bruce R. Lockwood* and *Angela R. Macchiarulo*, senior assistant state's attorneys, for the appellee (respondent).

*Opinion*

PER CURIAM. The petitioner, Richard Read, appeals from the judgment of the habeas court denying his petition for a writ of habeas corpus. On appeal, the petitioner claims that the habeas court erred in concluding that his trial counsel did not render ineffective assistance. We affirm the judgment of the habeas court.

The following facts and procedural history are relevant to our discussion. The petitioner was convicted of murder, following a jury trial, and subsequently was sentenced to fifty years incarceration. The petitioner appealed and this court affirmed the conviction. *State* v. *Read*, 132 Conn. App. 17, 29 A.3d 919, cert. denied, 303 Conn. 916, 33 A.3d 740 (2011). The petitioner claims that his trial counsel performed deficiently because he did not contact PokerStars, an online gaming website, in order to confirm that the petitioner had been logged onto the website during the evening of the murder.

The murder of which the petitioner was convicted occurred on October 21, 2005, at approximately 11:45 p.m. At the petitioner's criminal trial, both the defense and the prosecution utilized computer experts. Each expert had examined the petitioner's computer, but neither was able to determine whether the petitioner had been playing online poker on the evening of the murder. Trial counsel's investigator did not contact PokerStars, the online website used by the petitioner, and neither the defense expert nor the state's expert contacted the website.

At the habeas trial, the petitioner presented another computer expert, Monique Mattei-Ferraro, who testified that (1) she was able to contact PokerStars via e-mail; (2) PokerStars had activity logs going back to the time of the murder; and (3) PokerStars' records showed that the petitioner's username had been logged into the website between 4:43 p.m. and 10:07 p.m. on October 21, 2005, and again between 2:02 a.m. and 4:10 a.m. on October 22, 2005. Mattei-Ferraro also testified that, in her opinion, this information would have been available at the time of the petitioner's trial in 2007, but that she had not made this specific inquiry of PokerStars.

The petitioner filed a petition for a writ of habeas corpus on March 28, 2008.[1] After a hearing, the habeas court denied the petition, reasoning that the petitioner failed to prove that there was a reasonable probability that the presentation of additional evidence or experts from the poker site would have changed the outcome of the trial. The habeas court granted the petition for certification to appeal and this appeal followed.

"In a habeas appeal, this court cannot disturb the underlying facts found by the habeas court unless they are clearly erroneous, but our review of whether the facts as found by the habeas court constituted a violation of the petitioner's constitutional right to effective

assistance of counsel is plenary." (Internal quotation marks omitted.) *McClellan* v. *Commissioner of Correction*, 103 Conn. App. 159, 161, 927 A.2d 992 (2007).

"[Under] the familiar two part test for ineffective assistance of counsel enunciated by the United States Supreme Court in *Strickland* [v. *Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)] . . . the . . . [c]ourt determined that the claim must be supported by evidence establishing that (1) counsel's representation fell below an objective standard of reasonableness, and (2) counsel's deficient performance prejudiced the defense because there was a reasonable probability that the outcome of the proceedings would have been different had it not been for the deficient performance." (Internal quotation marks omitted.) *Gonzalez* v. *Commissioner of Correction*, 308 Conn. 463, 485, 68 A.3d 624, cert. denied sub nom. *Dzurenda* v. *Gonzalez*, U.S. , 134 S. Ct. 639, 187 L. Ed. 2d 445 (2013). "The second part of the *Strickland* analysis requires more than a showing that the errors made by counsel may have had some effect on the outcome of the proceeding. . . . Rather, [the petitioner] must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." (Internal quotation marks omitted.) *Peruccio* v. *Commissioner of Correction*, 107 Conn. App. 66, 79, 943 A.2d 1148, cert. denied, 287 Conn. 920, 951 A.2d 569 (2008). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland* v. *Washington*, supra, 694.

The petitioner argues that the habeas court should have concluded that his trial counsel was ineffective for failing to direct and to prepare his computer expert properly in order to obtain and to present evidence that the petitioner was playing poker online on October 21, 2005,[2] the date of the murder.[3] Having reviewed the record, we conclude that the habeas court properly concluded that the petitioner failed to carry his burden of establishing prejudice under *Strickland*.

The evidence presented against the petitioner at the criminal trial was strong. The state presented evidence in the criminal trial that the petitioner had spoken to the victim on the night of the murder, the petitioner's DNA was present on a cigarette butt and a Jack Daniels bottle found near the victim's body, the petitioner had access to a gun that was the same caliber as the murder weapon, ammunition of the same caliber was found in a pillowcase belonging to the petitioner in a shed where he admitted to having been that night, the petitioner's story of where he had been the night of the murder had changed several times and was somewhat far-fetched,[4] and the petitioner had admitted to a fellow inmate that he had shot the victim over a disagreement concerning a poker game. The evidence that the petitioner claims

his trial counsel should have discovered and introduced at trial was that the petitioner's username was logged onto PokerStars between 4:43 p.m. and 10:07 p.m. on October 21, 2005, and again between 2:02 a.m. and 4:10 a.m. on October 22, 2005. Trial counsel testified at the habeas trial that he had pursued a reasonable doubt defense and that, even if he had known of the "new" evidence, he would not have presented that evidence to the jury: "No, that wouldn't . . . have helped my case at all. . . . [I]f the state had been aware of this evidence, I would have stayed away from the topic of his potentially being on [PokerStars] altogether because it was a short distance from the [petitioner's] home to where the body was found, and being off the computer at 10:07 or whatever it was and by—there's plenty of time to be off the computer and accomplish the shooting." The evidence demonstrated that the petitioner's username was not logged on for several hours before and after the murder, and the jury reasonably could have thought that the evidence was inculpatory. The habeas court did not err in concluding that the petitioner was not prejudiced by the failure of his trial counsel to discover and enter into evidence facts that were detrimental to the petitioner's case.[5]

The judgment is affirmed.

[1] The petitioner filed an amended petition on June 18, 2012, alleging three counts. At the habeas trial, on November 5, 2012, the petitioner withdrew counts two and three, which alleged several other claims of ineffective assistance of counsel, and actual innocence, respectively.

[2] More specifically, the petitioner argues that even though the evidence demonstrated only that he was online prior to and following the time of the murder, it would have shown that he was telling the truth when he told police he had been online that night and would have deprived the state of an opportunity to attack his credibility during closing argument.

[3] The petitioner also claims that (1) several of the factual findings of the habeas court were clearly erroneous, and (2) the habeas court erred in failing to find deficient performance. We disagree that factual findings were clearly erroneous, and, because the habeas court properly found that the petitioner failed to satisfy the prejudice prong, the petitioner could not prevail. See *Jefferson* v. *Commissioner of Correction*, 144 Conn. App. 767, 773–74, 73 A.3d 840 (petitioner must prove *both* deficient performance and prejudice to prevail in an ineffective assistance claim; failure to prove either is fatal to claim), cert. denied, 310 Conn. 929, 78 A.3d 856 (2013).

[4] The petitioner at one point said that he was in the shed sorting fishing poles for several hours at the time of the murder.

[5] We need not decide the claim by the respondent, the Commissioner of Correction, that there was no new evidence, not discoverable at the time of the criminal trial, presented to the habeas court; nor need we decide whether trial counsel's performance was deficient.