### ORGEBY HOLLBY *v.* COMMISSIONER OF CORRECTION
### (AC 26950)

Schaller, DiPentima and McLachlan, Js.

Submitted on briefs October 27—officially released December 19, 2006

*Craig A. Barton*, special public defender, filed a brief for the appellant (petitioner).

*Michael Dearington,* state's attorney, *Proloy K. Das,* assistant state's attorney, and *Linda N. Howe,* senior assistant state's attorney, filed a brief for the appellee (respondent).

*Opinion*

PER CURIAM. The petitioner, Orgeby Hollby, appeals from the judgment of the habeas court dismissing his petition for a writ of habeas corpus in which he alleged that his trial counsel provided ineffective assistance. We affirm the judgment of the habeas court.

The facts of the underlying criminal case are set forth in *State* v. *Hollby,* 59 Conn. App. 737, 757 A.2d 1250, cert. denied, 254 Conn. 947, 762 A.2d 905 (2000), in which this court affirmed the petitioner's conviction, following a jury trial, of sexual assault in the first degree in violation of General Statutes § 53a-70 (a) (2), sexual assault in the third degree in violation of General Statutes § 53a-72 (a) (1) (A) and risk of injury to a child in violation of General Statutes (Rev. to 1991) § 53a-21.

On January 17, 2002, the petitioner filed an amended petition for a writ of habeas corpus. The petitioner alleged that his trial counsel, attorney Timothy Aspinwall, provided ineffective assistance of counsel and that the court improperly failed to honor the petitioner's request "to act as his own counsel or to act in direct conjunction with . . . Aspinwall in the defense of his case."[1] Specifically, the petitioner claimed that Aspinwall failed (1) to establish effectively the defense that the crimes at issue were committed by another person, (2) to prevent prejudicial evidence from being introduced, (3) to call several material witnesses, (4) to perform a diligent pretrial investigation, (5) to object to certain hearsay testimony and (6) to conduct a proper

---

[1] The petitioner withdrew the claim that he was denied the right to represent himself before the habeas court rendered its decision.

cross-examination of the alleged victim and her brother. Following an evidentiary hearing, the court issued a thorough and comprehensive memorandum of decision in which it concluded that the petitioner failed to meet either prong of the *Strickland* test[2] for evaluating claims of ineffective assistance of counsel. The court dismissed the petition for a writ of habeas corpus and subsequently granted the petition for certification to appeal.

"Our standard of review of a habeas court's judgment on ineffective assistance of counsel claims is well settled. In a habeas appeal, this court cannot disturb the underlying facts found by the habeas court unless they are clearly erroneous, but our review of whether the facts as found by the habeas court constituted a violation of the petitioner's constitutional right to effective assistance of counsel is plenary. . . .

"In *Strickland* v. *Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the United States Supreme Court enunciated the two requirements that must be met before a petitioner is entitled to reversal of a criminal conviction due to ineffective assistance of counsel. First, the [petitioner] must show that counsel's performance was deficient. . . . Second, the [petitioner] must show that the deficient performance prejudiced the defense. . . . Unless a [petitioner] makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversarial process that renders the result unreliable." (Internal quotation marks omitted.) *Griffin* v. *Commissioner of Correction*, 97 Conn. App. 200, 202, 903 A.2d 273, cert. denied, 280 Conn. 922, 908 A.2d 543 (2006).

After carefully reviewing the entire record before us, including the briefs, court file, exhibits and transcripts,

---

[2] *Strickland* v. *Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).

we conclude that the court's findings are supported by both the evidence and the reasonable and logical inferences drawn from such evidence. Additionally, we agree with the court's conclusions of law that relate to the facts found. The court properly concluded that the petitioner failed to carry his burden with respect to either *Strickland* prong.

The judgment is affirmed.