WILLIAM L. ANKERMAN *v.* COMMISSIONER OF CORRECTION
(AC 27688)

Bishop, DiPentima and Freedman, Js.

Argued September 17—officially released December 4, 2007

---

*Darcy W. Ankerman,* with whom, on the brief, was *William L. Ankerman,* pro se, for the appellant (petitioner).

*Denise B. Smoker,* senior assistant state's attorney, with whom, on the brief, were *Michael Dearington,* state's attorney, and *Angela R. Macchiarulo,* senior assistant state's attorney, for the appellee (respondent).

*Opinion*

PER CURIAM. The petitioner, William L. Ankerman, appeals from the judgment of the habeas court denying his petition for a writ of habeas corpus. On appeal, the petitioner claims that the court improperly (1) concluded, as to count one of the petition, that he was not denied the effective assistance of trial counsel, and (2) denied the petition as to counts two and three, which alleged that certain witnesses had perjured themselves. We reverse the judgment only as to count three of the habeas petition.

The petitioner was convicted of larceny in the first degree by embezzlement in connection with the embezzlement of certain funds held in trust for the petitioner's minor client. The petitioner's conviction was upheld on appeal. *State* v. *Ankerman,* 81 Conn. App. 503, 840 A.2d 1182, cert. denied, 270 Conn. 901, 853 A.2d 520, cert. denied, 543 U.S. 944, 125 S. Ct. 372, 160 L. Ed. 2d 256 (2004). On July 6, 2005, the petitioner filed a petition for a new trial. Count one of this petition alleged ineffective assistance of his trial counsel, and count two alleged that certain witnesses at his criminal trial had perjured themselves. On August 11, 2005, the petitioner amended his petition to add count three, which also alleged that

witnesses in the criminal trial had perjured themselves.[1] On October 3, 2005, the respondent, the commissioner of correction, filed a return in response to the petition. The return, however, addressed only counts one and two as alleged in the original petition. It did not respond to the third count of the petition as amended on August 11, 2005. The petitioner later amended the petition by changing the title from "Petition for New Trial" to "Petition for Habeas Corpus."

Following trial, the court found, in its oral decision, that the petitioner's counsel was not ineffective. The court, therefore, denied the petition for a writ of habeas corpus. The petitioner then filed a motion for articulation requesting the court to articulate whether its decision was entered as to count one only, or also as to counts two and three. In response to the motion to articulate, the court issued an order indicating that the petitioner was procedurally defaulted as to counts two and three, as the claims raised in those counts were not raised before the sentencing court or on direct appeal, and the petitioner had neither alleged nor proved cause and prejudice at the habeas trial. The court subsequently granted the petitioner certification to appeal. This appeal followed.

I

The petitioner first argues that the court improperly concluded that he was not denied the effective assistance of counsel. This claim "is governed by the test set forth in *Strickland* v. *Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984) . . . . For the petitioner to prevail on his claim of ineffective assistance of counsel, he must establish both that his counsel's performance was deficient and that there is a

---

[1] The certification of service attached to the amended petition states that it was not served on the respondent, the commissioner of correction, because the respondent had not appeared as of August 11, 2005. Nevertheless, the respondent makes no claim that she did not receive notice of the third count.

reasonable probability that, but for the counsel's mistakes, the result of the proceeding would have been different." (Citation omitted; internal quotation marks omitted.) *McClendon* v. *Commissioner of Correction*, 93 Conn. App. 228, 230, 888 A.2d 183, cert. denied, 277 Conn. 917, 895 A.2d 789 (2006). "In a habeas appeal, this court cannot disturb the underlying facts found by the habeas court unless they are clearly erroneous, but our review of whether the facts as found by the habeas court constituted a violation of the petitioner's constitutional right to effective assistance of counsel is plenary." (Internal quotation marks omitted.) *McClellan* v. *Commissioner of Correction*, 103 Conn. App. 159, 161, 927 A.2d 992 (2007).

The petitioner argued before the habeas court and on appeal that his trial counsel, Jeremiah Donovan, was ineffective for failure to offer a retention agreement and a durable power of attorney, both dated April 15, 1995, into evidence. Donovan, however, testified at the habeas trial that he did not recall the petitioner's giving him the retention agreement, and further stated that he could not imagine "that there was such a thing and that we didn't try to offer it." As to the retention agreement, the court found that "attorney Donovan's testimony was very reasonable and credible that, as trial counsel, he did nothing inappropriate with respect to the retention agreement because he never saw it, and [that] had he seen it, it would have been exhibit A." As to the durable power of attorney, the court found that it would "fall under the same category as the retention agreement . . . ."

The petitioner further argues on appeal that the court did not consider his claim that Donovan was ineffective for failure to move for a bill of particulars alleging the specific property taken and the location where the

crime was committed.[2] During the habeas trial, however, Donovan testified that he did not need to file a bill of particulars because "[i]t was pretty clear what the money they alleged had been taken was. It was the proceeds of the personal injury settlement." Although the failure to move for a bill of particulars is not mentioned in the court's oral decision, the court stated that based "generally on the testimony of attorney Donovan, and I suppose appropriately the way to put it, lack of testimony, expert or otherwise, from the petitioner that the court finds credible, I would find, and I think I'm able to find factually that attorney Donovan was not ineffective, and certainly that portion of the *Strickland* test was not satisfied."

As to both of these claims of ineffective assistance of counsel, we note that "[t]he habeas court, as the trier of facts, is the sole arbiter of the credibility of witnesses and the weight to be given to their testimony." *Alexander* v. *Commissioner of Correction*, 103 Conn. App. 629, 638, 930 A.2d 58 (2007). After our plenary review of the record as a whole, we conclude that the court's finding that the petitioner was not denied the effective assistance of counsel is supported by both the evidence and the reasonable and logical inferences drawn from such evidence. See *Hollby* v. *Commissioner of Correction*, 98 Conn. App. 751, 753–54, 912 A. 2d 494 (2006), cert. denied, 281 Conn. 911, 916 A.2d 50 (2007).[3]

---

[2] "The purpose of a bill of particulars is to inform the defendant of the charges against him with sufficient precision to enable him to prepare his defense and avoid prejudicial surprise. . . . A bill of particulars limits the state to proving that the defendant has committed the offense in substantially the manner described." (Internal quotation marks omitted.) *State* v. *Reynolds*, 264 Conn. 1, 155, 836 A.2d 224 (2003), cert. denied, 541 U.S. 908, 124 S. Ct. 1614, 158 L. Ed. 2d 254 (2004).

[3] The petitioner also claims that Donovan was ineffective for failing to preserve the record for appeal. This particular claim of ineffective assistance of counsel, however, was not raised in the habeas petition. The court, therefore declined to consider this issue during the habeas trial. "This court is not bound to consider claimed errors unless it appears on the record that the question was *distinctly raised* . . . and was ruled upon and decided

## II

With regard to counts two and three of the petition for a writ of habeas corpus, in which the petitioner alleged that certain witnesses had perjured themselves, the court found that the return of the respondent raised procedural default as an affirmative defense. According to the court, the burden then shifted to the petitioner to allege the claimed cause and prejudice, which would permit review of the claim by the court. Because the petitioner neither alleged cause and prejudice, nor proved such at the habeas trial, the court found that he was procedurally defaulted as to counts two and three.

As stated previously, however, the respondent's return addressed only counts one and two of the petition. The respondent specifically alleged that the claim raised in count two of the petition was procedurally defaulted. The court properly found, as to that count, that the burden then shifted to the petitioner to allege the claimed cause and prejudice to permit review of the claim by the court and that the petitioner had failed to do so. When a petitioner fails to make the required showing of cause and prejudice, a court will not reach the merits of his claim. *Solman* v. *Commissioner of Correction*, 99 Conn. App. 640, 644, 916 A.2d 824, cert. denied, 282 Conn. 901, 918 A.2d 888 (2007).

Because the respondent's return did not respond to count three, however, the court improperly found that the petitioner was procedurally defaulted as to that count. "[T]he plain language of Practice Book § 23-30 (b) requires the state to plead procedural default in its return or it will relinquish the right to assert the defense

by the court adversely to the appellant's claim. . . . To review [claimed errors] now would amount to an ambuscade of the [habeas] judge." (Emphasis in original; internal quotation marks omitted.) *Smith* v. *Commissioner of Correction*, 98 Conn. App. 690, 693, 910 A.2d 999 (2006), cert. denied, 281 Conn. 910, 916 A.2d 52 (2007).

thereafter. . . . [I]n Connecticut, although the petitioner has the burden of proving cause and prejudice . . . that burden does not arise until after the respondent raises the claim of procedural default in its return." (Citations omitted.) *Milner* v. *Commissioner of Correction,* 63 Conn. App. 726, 734, 779 A.2d 156 (2001). Because the respondent did not plead procedural default as an affirmative defense to count three, the court could not find that the petitioner was procedurally defaulted as to that count.

The judgment is reversed only as it relates to the third count of the petition for habeas corpus and the case is remanded for further proceedings according to law as to that count only. The judgment is affirmed in all other respects.