BRIAN BARRETT *v.* COMMISSIONER OF
CORRECTION
(AC 27796)

Bishop, Lavine and Pellegrino, Js.

Argued November 29, 2007—officially released April 1, 2008

*Anthony E. Parent,* special public defender, for the appellant (petitioner).

*Marjorie Allen Dauster,* senior assistant state's attorney, with whom, on the brief, were *Michael Dearington,* state's attorney, and *Erik T. Lohr,* deputy assistant state's attorney, for the appellee (respondent).

*Opinion*

PER CURIAM. The petitioner, Brian Barrett, appeals after the habeas court denied his petition for certification to appeal from the judgment dismissing his petition for a writ of habeas corpus. On appeal, the petitioner asserts that the court abused its discretion in denying his petition for certification to appeal. He asserts, further, that (1) his claim for a new trial on the basis of juror misconduct was timely and (2) if his claim for a new trial was untimely, counsel's failure to raise the claim in a timely manner amounts to ineffective assistance of counsel. We dismiss the appeal.

The following facts and procedural history are relevant to our disposition of the petitioner's appeal. After a jury trial, the petitioner was convicted of manslaughter in the first degree in violation of General Statutes § 53a-55 (a) (2) and sentenced to twenty years imprisonment. Shortly after the petitioner began serving his prison sentence, an article written by Keith Felcyn, a member of the jury that found the petitioner guilty, was published in the November, 1996 issue of Greenwich Magazine. The article described Felcyn's experience as a juror during the petitioner's trial. In the article, Felcyn states, among other things, that "[t]wo of us jurors, separately and unknown to the other, visited [the location of the crime] to get our own sense of its geography and character."

In April, 1997, the petitioner filed a pro se petition for a writ of habeas corpus alleging juror misconduct and ineffective assistance of counsel. On January 3, 2006, the petitioner, now represented by counsel, filed a two count second amended petition for a writ of habeas corpus alleging, in count one, ineffective assistance of counsel and, in count two, juror misconduct. In her return, the respondent, the commissioner of correction, alleged that the petitioner procedurally defaulted on his juror misconduct claim because such a claim is properly raised in a petition for a new trial and that the petitioner failed to file such a petition within the three year statute of limitations period.

On February 10, 2006, a hearing was held at which Felcyn, police Sergeant Paul Guzda and attorney Joseph Bruckmann, the petitioner's trial counsel, testified.[1] The court dismissed the petition and denied the subsequent petition for certification to appeal. The petitioner now appeals from the judgment dismissing the petition for a writ of habeas corpus.

The standard of review for a challenge to a habeas court's denial of a petition for certification to appeal requires the petitioner to prove that the denial of the petition for certification was an abuse of discretion and also that the decision of the habeas court should be reversed on the merits. *Simms* v. *Warden*, 230 Conn. 608, 616, 646 A.2d 126 (1994). "To prove an abuse of discretion, the petitioner must demonstrate that the [resolution of the underlying claim involves issues that] are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the

---

[1] The other juror who allegedly committed misconduct was under subpoena but could not attend the hearing on the day scheduled. The court indicated that it would be amenable to continuing the hearing so the juror could testify. Counsel for the petitioner stated that this juror "would provide evidence somewhat duplicative of Mr. Felcyn, and [the petitioner] has no objection to Your Honor ruling today."

questions are adequate to deserve encouragement to proceed further." (Internal quotation marks omitted.) Id. Our careful review of the record leads us to conclude that the court did not abuse its discretion in denying the petition for certification to appeal.

We begin by analyzing that portion of the petition that alleged juror misconduct. The court found that the petitioner's claim of juror misconduct raised in the habeas petition could have been raised through a timely filed petition for a new trial but that such a petition was time barred. See General Statutes § 52-582.[2] The court concluded that the petitioner had procedurally defaulted on this habeas claim and, further, that he had failed to satisfy the "cause and prejudice" standard for reviewability of habeas claims that were not properly raised because of a procedural default. See *Johnson* v. *Commissioner of Correction*, 218 Conn. 403, 409, 589 A.2d 1214 (1991).

The petitioner concedes that he failed to file a petition for a new trial and is now time barred from doing so. He argues, however, that the claim of juror misconduct included in his habeas petition, which was filed within three years of the date of imposition of the sentence by the trial court, should be treated as a timely filed petition for a new trial and, therefore, is not subject to the cause and prejudice standard. The petitioner asserts that including this claim in his habeas petition was an error in pleading and that such a circumstantial defect can be corrected under General Statutes § 52-123.[3] The

---

[2] General Statutes § 52-582 provides in relevant part: "No petition for a new trial in any civil or criminal proceeding shall be brought but within three years next after the rendition of the judgment or decree complained of . . . ."

"The three year period begins to run from the date of rendition of judgment by the trial court . . . which, in a criminal case, is the date of imposition of the sentence by the trial court." (Citation omitted.) *Summerville* v. *Warden*, 229 Conn. 397, 426, 641 A.2d 1356 (1994).

[3] General Statutes § 52-123 provides: "No writ, pleading, judgment or any kind of proceeding in court or course of justice shall be abated, suspended,

petitioner also claims that the court made erroneous factual findings regarding the prejudicial effect of the alleged juror misconduct. We are not persuaded.

Despite the court's refusal to treat the juror misconduct claim as a petition for a new trial, the court permitted the petitioner to introduce evidence related to the juror misconduct claim. The court found that the uncontradicted evidence established that neither Felcyn nor the other juror, prior to reaching a verdict, visited the actual scene of the crime and that their drive-by of the general area of the crime had no influence on either their deliberations or the verdict. Furthermore, the court found that "had a . . . hearing [pursuant to *State* v. *Brown*, 235 Conn. 502, 526, 668 A.2d 1288 (1995) (en banc)] been held either by the trial court or pursuant to a petition for a new trial, such a hearing would not have resulted in a finding of juror misconduct that affected the verdict. To the contrary, the evidence offered before this court clearly indicates that the verdict was uninfluenced by the visits [to the general area of the crime]."[4] On this basis, the court concluded that

set aside or reversed for any kind of circumstantial errors, mistakes or defects, if the person and the cause may be rightly understood and intended by the court."

The petitioner's habeas petition names the commissioner of correction as the respondent. A petition for a new trial, however, must be brought against the state. See *State* v. *Asherman*, 180 Conn. 141, 144, 429 A.2d 810 (1980) (petition for new trial instituted by writ of summons and complaint served on adverse party); Conn. Const., amend. XXIII (prosecutorial power of state vested in chief state's attorney). General Statutes § 52-123 is not intended to allow substitutions or changes of entire parties. See *Lussier* v. *Dept. of Transportation*, 228 Conn. 343, 350, 636 A.2d 808 (1994); *Pack* v. *Burns*, 212 Conn. 381, 384–85, 562 A.2d 24 (1989). The petitioner has failed to bring a separate action against the state, and, accordingly, the court correctly refused to treat the juror misconduct claim in his habeas petition as a petition for a new trial.

[4] In *State* v. *Brown*, supra, 235 Conn. 526, our Supreme Court held that "a trial court must conduct a preliminary inquiry, on the record, whenever it is presented with any allegations of jury misconduct in a criminal case, regardless of whether an inquiry is requested by counsel. Although the form and scope of such an inquiry lie within a trial court's discretion, the court

the petitioner had not established actual prejudice from the alleged juror misconduct and, accordingly, failed to satisfy the cause and prejudice standard.[5]

The petitioner challenges the court's finding that he failed to prove prejudice.[6] "[A] habeas court's findings of fact are reviewed under a clearly erroneous standard of review [and] questions of law are subject to plenary review." (Internal quotation marks omitted.) *Mead* v. *Commissioner of Correction*, 282 Conn. 317, 322, 920 A.2d 301 (2007). On the basis of our review of the record, we conclude that the court's findings were not clearly erroneous.

The petitioner's second claim is that counsel's failure to file a petition for a new trial amounts to ineffective assistance of counsel.[7] This claim is governed by the test set forth in *Strickland* v. *Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). "For the petitioner to prevail on his claim of ineffective assistance of counsel, he must establish both that his counsel's performance was deficient and that there is a

must conduct some type of inquiry in response to allegations of jury misconduct. That form and scope may vary from a preliminary inquiry of counsel, at one end of the spectrum, to a full evidentiary hearing at the other end of the spectrum, and, of course, all points in between. Whether a preliminary inquiry of counsel, or some other limited form of proceeding, will lead to further, more extensive, proceedings will depend on what is disclosed during the initial limited proceedings and on the exercise of the trial court's sound discretion with respect thereto."

[5] The court also stated that "[a]s to cause, the petitioner has offered neither evidence nor argument as to any good cause for his failure to bring a timely petition for new trial." The petitioner has not challenged this finding on appeal.

[6] The petitioner asserts that the respondent has the burden of proof regarding the prejudice prong of the cause and prejudice standard. Our review of the case law, however, establishes that "[i]t is clear that the petitioner bears the burden of proof to establish cause and prejudice." *Milner* v. *Commissioner of Correction*, 63 Conn. App. 726, 731, 779 A.2d 156 (2001).

[7] At trial, the petitioner abandoned his other ineffective assistance of counsel claims that were unrelated to counsel's failure to file a petition for a new trial. Those claims are not part of this appeal.

reasonable probability that, but for the counsel's mistakes, the result of the proceeding would have been different." (Internal quotation marks omitted.) *McClendon* v. *Commissioner of Correction*, 93 Conn. App. 228, 230, 888 A.2d 183, cert. denied, 277 Conn. 917, 895 A.2d 789 (2006). "In a habeas appeal, this court cannot disturb the underlying facts found by the habeas court unless they are clearly erroneous, but our review of whether the facts as found by the habeas court constituted a violation of the petitioner's constitutional right to effective assistance of counsel is plenary." (Internal quotation marks omitted.) *McClellan* v. *Commissioner of Correction*, 103 Conn. App. 159, 161, 927 A.2d 992 (2007).

The petitioner argued before the habeas court and on appeal that Bruckmann was ineffective for failing to file a petition for a new trial in a timely manner. Bruckmann testified at the habeas trial that after reading Felcyn's article, he concluded that the issue of possible juror misconduct should be looked into further. He then supervised the preparation of an investigative report on the subject. Bruckmann subsequently concluded, on the basis of the article and the investigative report, that there was no juror misconduct that would have affected the verdict. Although the court did not expressly mention the *Strickland* test in its memorandum of decision, it stated that "to the extent that the petitioner asserts that the failure to seek a *Brown* hearing was due to ineffective assistance by attorney Bruckmann, such claim is rejected. Attorney Bruckmann's assessment of the import of the Greenwich Magazine article was correct and . . . pursuing such a claim would not have affected the result of the petitioner's case."

We note that "[t]he habeas court, as the trier of facts, is the sole arbiter of the credibility of witnesses and the weight to be given to their testimony." *Alexander*

v. *Commissioner of Correction*, 103 Conn. App. 629, 638, 930 A.2d 58, cert. denied, 284 Conn. 939, 937 A.2d 695 (2007). After our review of the record as a whole, we conclude that the court's finding that the petitioner was not denied the effective assistance of counsel is supported by both the evidence and the reasonable and logical inferences drawn from such evidence. See *Hollby* v. *Commissioner of Correction*, 98 Conn. App. 751, 753–54, 912 A. 2d 494 (2006), cert. denied, 281 Conn. 911, 916 A.2d 50 (2007).

The petitioner has not shown that the issues raised with regard to the court's denial of his petition for a writ of habeas corpus are debatable among jurists of reason, that a court could resolve the issues in a different manner or that the questions raised deserve encouragement to proceed further. See *Simms* v. *Warden*, supra, 230 Conn. 616. The petitioner has failed to demonstrate that the court's denial of his petition for certification to appeal constituted an abuse of discretion.

The appeal is dismissed.