MELVIN DELGADO *v.* COMMISSIONER OF
CORRECTION
(AC 29199)

Flynn, C. J., and Gruendel and Peters, Js.

Argued March 9—officially released May 26, 2009

*Arthur L. Ledford*, special public defender, for the appellant (petitioner).

*Nancy L. Chupak*, senior assistant state's attorney, with whom, on the brief, were *Gail P. Hardy*, state's attorney, *Margaret Gaffney Radionovas*, senior assistant state's attorney, and *Erika L. Brookman*, deputy assistant state's attorney, for the appellee (respondent).

*Opinion*

PETERS, J. Claims of judicial error that a criminal defendant failed to raise on direct appeal are reviewable in a petition for habeas corpus only if the petitioner can show "cause and prejudice" for his prior default. *Cobham* v. *Commissioner of Correction*, 258 Conn. 30, 40, 779 A.2d 80 (2001). To comply with this requirement, "the petitioner must demonstrate good cause for his failure to raise a claim at trial or on direct appeal and actual prejudice resulting from the impropriety claimed in the habeas petition." Id. In this case, in the absence of such a showing, the habeas court not only denied the petitioner's petition for habeas corpus but also denied the petitioner's request for certification to appeal. We agree with the habeas court's denial of certification and dismiss the petitioner's appeal.

On February 20, 2007, the petitioner, Melvin Delgado, filed a five count amended petition for a writ of habeas corpus alleging (1) the ineffective assistance of his trial counsel, (2) the ineffective assistance of his appellate counsel, (3) prosecutorial impropriety, (4) the denial of a fair and impartial trial arising out of the "cumulative effect" of the ineffective assistance and prosecutorial impropriety alleged in counts one and three and (5) actual innocence.[1] The respondent, the commissioner

---

[1] In the underlying case, the petitioner was convicted of the crime of murder as an accessory in violation of General Statutes §§ 53a-54a and 53a-8. Consequently, he was sentenced to a total effective term of imprisonment of sixty-five years. *State* v. *Delgado*, 247 Conn. 616, 725 A.2d 306 (1999).

of correction, filed a special pleading seeking the dismissal of the third and fourth counts on the ground of procedural default. Noting the absence of any reply by the petitioner to these allegations, the habeas court treated the motion to dismiss as a motion for summary judgment, which it then granted in favor of the respondent on the two defaulted counts.

After a hearing on the remaining counts of the petition, the habeas court found that the petitioner had also failed to establish his claim on those counts. Counsel for the petitioner then filed a petition for certification to appeal from the judgment of the habeas court on counts one and two, which had been tried. The petitioner also filed a second petition pro se for certification to appeal from the judgment generally, on the ground of ineffective assistance of his habeas counsel. Pursuant to General Statutes § 52-470 (b),[2] the habeas court denied both petitions for certification.

Represented by new counsel, the petitioner challenges only the denial of his second petition for certification and only with respect to the two counts that the court held to have been procedurally defaulted. We agree with the court's denial of that petition and dismiss the petitioner's appeal.

We begin by setting forth the appropriate standard of review. "Faced with the habeas court's denial of certification to appeal, a petitioner's first burden is to demonstrate that the habeas court's ruling constituted

[2] General Statutes § 52-470 (b) provides: "No appeal from the judgment rendered in a habeas corpus proceeding brought by or on behalf of a person who has been convicted of a crime in order to obtain such person's release may be taken unless the appellant, within ten days after the case is decided, petitions the judge before whom the case was tried or, if such judge is unavailable, a judge of the Superior Court designated by the Chief Court Administrator, to certify that a question is involved in the decision which ought to be reviewed by the court having jurisdiction and the judge so certifies."

an abuse of discretion." *Simms* v. *Warden*, 230 Conn. 608, 612, 646 A.2d 126 (1994). To prove an abuse of discretion, the petitioner must demonstrate "that the issues are debatable among jurists of reason; that a court *could* resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further." (Emphasis in original; internal quotation marks omitted.) Id., 616. "If the petitioner succeeds in surmounting that hurdle, the petitioner must then demonstrate that the judgment of the habeas court should be reversed on its merits." Id., 612.

Our resolution of the petitioner's appeal may usefully begin by noting what is not in dispute. The petitioner does not challenge the validity of the respondent's allegation that, in both the petitioner's trial and his direct appeal, he did not raise any issue about prosecutorial impropriety or cumulative error. In effect, the petitioner concedes that once the respondent had raised the defense of procedural default, to succeed in the claims raised in the third and fourth counts of his habeas petition, the petitioner bore the burden to show cause and prejudice for his default.

The petitioner claims, nonetheless, that the habeas court improperly granted the respondent's motion for summary judgment. He maintains that the court denied him the opportunity to present "any evidence as to how the petitioner could meet his burdens of cause and prejudice."

The record establishes that on February 16, 2007, citing Practice Book §§ 23-30 and 23-29 (2), the respondent filed a return alleging that, because of the petitioner's procedural default, the petitioner was not entitled to habeas relief on the third and fourth counts of his petition. The return expressly informed the petitioner that "[t]o overcome the procedural default, the petitioner 'must establish cause and prejudice conjunctively' in order to obtain relief." On July 10, 2007, the

respondent moved to dismiss the petitioner's claims in counts three and four for failure to establish cause and prejudice.

At the hearing on the respondent's motion to dismiss, the habeas court noted the petitioner's failure to contest the respondent's allegations, either by filing a pleading pursuant to Practice Book § 23-31[3] or in any other way. The court stated: "I have the defense of procedural default having been raised, and I don't see it being denied. That which is not denied is therefore admitted." In response, the petitioner asked the court "to take the [respondent's] motion under advisement and listen to the testimony of the petitioner's witnesses and then act on the motion after the petitioner rests." When the court inquired why the petitioner had not filed a reply to the respondent's motion, his counsel conceded both the underlying ground for the procedural default (the petitioner's failure to raise his claims on direct appeal) and his failure to reply to the respondent's return, but asked for an opportunity to present the testimony of appellate counsel or some kind of testimony in the form of transcripts or affidavits, to establish cause and prejudice.

This colloquy is notable for what it lacks. At the hearing, the petitioner never identified specific evidence to present to the court. Furthermore, the petitioner never requested additional time to obtain such evidence. It was this barren record that was the basis for the habeas court's decision to treat the respondent's motion to dismiss as a motion for summary judgment

---

[3] Practice Book § 23-31 provides: "(a) If the return alleges any defense or claim that the petitioner is not entitled to relief, and such allegations are not put in dispute by the petition, the petitioner shall file a reply.

"(b) The reply shall admit or deny any allegations that the petitioner is not entitled to relief.

"(c) The reply shall allege any facts and assert any cause and prejudice claimed to permit review of any issue despite any claimed procedural default. The reply shall not restate the claims of the petition."

and to grant the motion with respect to counts three and four of the petition.

The petitioner's contention that the habeas court improperly deprived him of the opportunity to make a factual showing of cause and prejudice has three parts. First, he maintains that the manner in which the respondent raised the claim of procedural default was improper and misleading. Second, he faults the habeas court for failing to permit him to amend his pleadings or to present evidence relevant to a showing of cause and prejudice. Third, he invokes the principle of judicial economy as justifying reversal of the order of the habeas court. We are not persuaded.

## I

The petitioner's principal argument in support of his claim that the habeas court abused its discretion is that the manner in which the respondent raised the claim of procedural default was so confusing that the court was required to excuse the petitioner's failure to file the response that otherwise would have been mandated by Practice Book § 23-31. Relying on Practice Book §§ 10-50 and 10-51,[4] the petitioner faults the respondent's reply to his petition for failing to characterize the claim of procedural default as a "defense" and for

---

[4] Practice Book § 10-50 provides in relevant part: "No facts may be proved under either a general or special denial except such as show that the plaintiff's statements of fact are untrue. Facts which are consistent with such statements but show, notwithstanding, that the plaintiff has no cause of action, must be specially alleged. . . ."

Practice Book § 10-51 provides in relevant part: "Where several matters of defense are pleaded, each must refer to the cause of action which it is intended to answer, and be separately stated and designated as a separate defense, as, *First Defense, Second Defense,* etc. Where the complaint or counterclaim is for more than one cause of action, set forth in several counts, each separate matter of defense should be preceded by a designation of the cause of action which it is designed to meet, in this manner: *First Defense to First Count, Second Defense to First Count, First Defense to Second Count,* and so on. . . ." (Emphasis original.)

failing to present that claim in a paragraph separate from other defenses.

As the respondent notes, however, the petitioner has failed to acknowledge that the respondent's return expressly stated, citing *Cobham* v. *Commissioner of Correction*, supra, 258 Conn. 40, that "the standard for evaluating procedurally defaulted claims is cause and prejudice." Furthermore, the respondent expressly informed the petitioner that, to prevail, he was required to " 'demonstrate good cause for his failure to raise a claim at trial or on direct appeal'," as well as to show " 'actual prejudice resulting from the impropriety claimed in the habeas petition.' "

We agree with the respondent that this record left no basis for confusion as to what the petitioner was required to do under Practice Book § 23-31 to meet his burden of answering the respondent's claim of procedural default. We decline to attribute talismanic significance to the respondent's failure to attach the label "defense" to this informative pleading. The respondent's claim was clear on its face.

II

The petitioner's second claim is that the habeas court abused its discretion by failing to permit him to amend his pleadings or to present evidence relevant to a showing of cause and prejudice. A necessary predicate for this contention is a showing that the petitioner requested an opportunity to file such an amendment or to present such evidence. The record of the hearing held by the habeas court in response to the respondent's motion for dismissal of counts three and four of the habeas petition is to the contrary.

At the outset, we note that the petitioner never filed a pleading with the habeas court to make the requisite showing of evidence of cause and prejudice during the

five month interval between the respondent's motion and the hearing on that motion. Furthermore, at that hearing, the petitioner failed to request permission (1) to file a late reply to the respondent's return, (2) to amend his pleadings or (3) to present specifically identified evidence relating to his procedural default. In short, he took no formal steps to preserve his habeas claim. All that the petitioner ever presented to the court on this issue was his counsel's statement, at the hearing, that he wanted to present unspecified testimony of appellate counsel or "responsive transcripts or affidavits." To this day, the petitioner has not proffered even an outline of an argument of evidence that would have established cause and prejudice to excuse his procedural default.

The petitioner's total failure to comply in any fashion with Practice Book § 23-31 demonstrates that he failed to meet his burden of establishing cause and prejudice for his procedural defaults. See *Taylor* v. *Commissioner of Correction*, 284 Conn. 433, 447 n.18, 936 A.2d 611 (2007). On the record before it, the habeas court was entitled to find that the petitioner was procedurally barred from obtaining habeas corpus relief on counts three and four of his habeas complaint. See *Ankerman* v. *Commissioner of Correction*, 104 Conn. App. 649, 654, 935 A.2d 208 (2007) (failure to show cause and prejudice for defaulted habeas claim precludes appellate review), cert. denied, 285 Conn. 916, 943 A.2d 474 (2008).

### III

Finally, the petitioner invokes the interests of judicial economy as a ground for us to set aside the court's denial of his request for certification of his habeas appeal. He urges us to avoid "unnecessary litigation" in the form of future habeas petitions to consider the claims that the court in this case held to have been

procedurally defaulted. We decline to address the merits of this inartful effort to sidestep the consequences of the petitioner's failure to avail himself of multiple opportunities to prove his case.

In sum, the petitioner has not met his burden of showing that the habeas court abused its discretion in failing to grant his petition for certification to appeal from the judgment denying his petition for a writ of habeas corpus.

The appeal is dismissed.

In this opinion the other judges concurred.