WILLIAM L. ANKERMAN *v.* COMMISSIONER
OF CORRECTION
(AC 30527)

Bishop, Gruendel and Schaller, Js.

Argued March 16—officially released June 29, 2010

*Darcy W. Ankerman*, with whom was *William L. Ankerman*, pro se, for the appellant (petitioner).

*Denise B. Smoker*, senior assistant state's attorney, with whom, on the brief, were *Matthew C. Gedansky*, state's attorney, and *Angela R. Macchiarulo*, senior assistant state's attorney, for the appellee (respondent).

*Opinion*

PER CURIAM. The petitioner, William L. Ankerman, appeals from the judgment of the habeas court denying his petition for a writ of habeas corpus. On appeal, the petitioner claims that the court abused its discretion in denying his petition for certification to appeal and improperly denied his petition for a writ of habeas corpus. The petitioner's appeal is dismissed.

The following factual and procedural history is relevant to our resolution of the petitioner's claim. On April 12, 2002, the petitioner was convicted of larceny in the first degree by embezzlement in violation of General Statutes §§ 53a-122 (a) and 53a-119 (1), and on June 7, 2002, he was sentenced to a term of three years incarceration, suspended after six months, with three years of probation. The petitioner appealed, raising twelve separate claims, all of which were rejected, either for lack of merit or because they had not been preserved at trial. *State* v. *Ankerman*, 81 Conn. App. 503, 505, 840 A.2d 1182, cert. denied, 270 Conn. 901, 853 A.2d 520, cert. denied, 543 U.S. 944, 125 S. Ct. 372, 160 L. Ed. 2d 256 (2004).

On August 11, 2005, the petitioner filed an amended petition for a writ of habeas corpus. The court, *T. Santos, J.,* denied the petition, finding that the petitioner had failed to satisfy his burden of proving the first count of his petition, which alleged ineffective assistance of counsel, and determined that he was procedurally defaulted from bringing his second and third counts, both of which alleged perjury by various witnesses and prosecutorial misconduct.[1] The petitioner appealed, and this court affirmed the habeas court's denial of the first and second counts of the petition. See *Ankerman* v. *Commissioner of Correction,* 104 Conn. App. 649, 654–55, 935 A.2d 208 (2007), cert. denied, 285 Conn. 916, 943 A.2d 474 (2008). As to the third count, we remanded the matter on the basis that because the respondent, the commissioner of correction, had not affirmatively pleaded procedural default as to the allegations in that count, it should not have been dismissed on that basis. Id.

Subsequently on remand, on May 21, 2008, the respondent filed an amended return, affirmatively pleading that the petitioner's third count was procedurally defaulted because the claims it embodied had not been raised at the criminal trial or on direct appeal and that the petitioner could not demonstrate cause and prejudice for this failure. The petitioner filed a reply, denying the allegations in the amended return without explanation or elaboration but raised what he termed a "special defense," claiming that the amended return was defective because the respondent failed to attach a commitment order pursuant to Practice Book § 23-30 (a). Subsequently, a trial was held on September 8 and October 29, 2008. At the hearing, the petitioner did not deny

---

[1] "Claims of judicial error that a criminal defendant failed to raise on direct appeal are reviewable in a petition for habeas corpus only if the petitioner can show 'cause and prejudice' for his prior default." *Delgado* v. *Commissioner of Correction,* 114 Conn. App. 609, 611, 970 A.2d 792 (2009).

that his claims were not raised at trial or on direct appeal but argued that, pursuant to *Murray* v. *Carrier*, 477 U.S. 478, 106 S. Ct. 2639, 91 L. Ed. 2d 397 (1986), he was not required to show cause and prejudice because he was "actually innocent" of the charges, and any procedural defects must yield to the interests of justice.[2] Thereafter, the habeas court, *Simón, J.*, issued its decision denying the sole remaining count of the petition. The court found that the petitioner was procedurally defaulted from raising the claims within count three because he had failed to raise the claims at the trial or on appeal, and he had not proven cause and prejudice in regard to this failure. In reaching its conclusion, the court rejected the petitioner's claim that he was not required to demonstrate cause and prejudice on the basis that his claim was one of actual innocence because the petitioner had not, in fact, raised a claim of actual innocence. Rather, the court found that the petitioner was merely attempting to bootstrap an actual innocence argument into his overarching due process claim relating to his criminal trial. Having denied the petition, the court, thereafter, denied the petition for certification to appeal.

The petitioner now appeals, asserting, at the outset, that the court abused its discretion in denying his petition for certification. He contends that his petition for certification to appeal raised two questions that are debatable among jurists of reason: (1) whether he was required to plead "actual innocence" in order for his claim to be considered on the merits and (2) whether the respondent's amended return was legally sufficient to require a reply by the petitioner. We are unconvinced.

[2] The petitioner based his reliance on *Murray* on the following language: "Respondent's petition for federal habeas review of his procedurally defaulted discovery claim must therefore be dismissed for failure to establish cause for the default, unless it is determined on remand that the victim's statements contain material that would establish respondent's actual innocence." *Murray* v. *Carrier*, supra, 477 U.S. 497.

"Faced with the habeas court's denial of certification to appeal [under General Statutes § 52-470 (b)],[3] a petitioner's first burden is to demonstrate that the habeas court's ruling constituted an abuse of discretion. . . . A habeas appeal that satisfies one of the criteria set forth in *Lozada* v. *Deeds*, [498 U.S. 430, 431–32, 111 S. Ct. 860, 112 L. Ed. 2d 956 (1991)], is not, however, frivolous and warrants appellate review if the appellant can show: that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further. . . . Thus, if an appeal is not frivolous, the habeas court's failure to grant certification to appeal is an abuse of discretion." (Citation omitted; internal quotation marks omitted.) *Rivera* v. *Commissioner of Correction*, 254 Conn. 214, 226–27, 756 A.2d 1264 (2000). "In determining whether the habeas court abused its discretion in denying the petitioner's request for certification, we necessarily must consider the merits of the petitioner's underlying claims to determine whether the habeas court reasonably determined that the petitioner's appeal was frivolous. In other words, we review the petitioner's substantive claims for the purpose of ascertaining whether those claims satisfy one or more of the three criteria identified in [*Lozada* v. *Deeds*, supra, 432] and adopted by this court for determining the propriety of the habeas court's denial of the petition for certification. Absent such a showing by the petitioner, the judgment of the habeas court must be affirmed [and the

[3] General Statutes § 52-470 (b) provides in relevant part: "No appeal from the judgment rendered in a habeas corpus proceeding brought by or on behalf of a person who has been convicted of a crime in order to obtain such person's release may be taken unless the appellant, within ten days after the case is decided, petitions the judge before whom the case was tried . . . to certify that a question is involved in the decision which ought to be reviewed by the court having jurisdiction and the judge so certifies."

appeal dismissed]." *Gibson* v. *Commissioner of Correction*, 118 Conn. App. 863, 871, 986 A.2d 303, cert. denied, 295 Conn. 919, 991 A.2d 565 (2010).

Accordingly, in determining whether the court abused its discretion in denying the petition for certification to appeal, we first turn to the petitioner's claim that he was not required to plead actual innocence in order for such a claim to be considered by the court. The petitioner argued before the court that pursuant to *Murray* v. *Carrier*, supra, 477 U.S. 478, even though he did not allege facts to satisfy his burden of demonstrating cause and prejudice for failing to raise his perjury and prosecutorial misconduct claim at trial or on direct appeal, his claim should not be procedurally defaulted because it was actually one of actual innocence. The court, having found that the petitioner never raised a claim of actual innocence, rejected the petitioner's argument and found that his perjury claim was procedurally defaulted because he had not asserted it on direct appeal. In response, the petitioner argues that *Murray* does not prescribe any particular, required pleading formula in order to place the issue of actual innocence before the habeas court, and, thus, the court could have used an assertion of actual innocence as a basis to review his claim despite the fact that he failed to set forth allegations, which, if proven, would have satisfied his burden of establishing cause and prejudice. On the basis of our scrupulous review of the record, we conclude that this claim lacks merit.

*Murray* does not prescribe a specific formula for raising a claim of actual innocence. Indeed, it is not an actual innocence case. In *Murray*, the court held that a petitioner cannot escape procedural default merely by establishing that competent defense counsel inadvertently failed to raise a substantive claim of error. While reaffirming its confidence in the cause and prejudice standard, the court recognized, as well, that "in an

extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default." Id., 496. Contrary to the petitioner's assertion, *Murray* does not suggest that a habeas petitioner need not assert a claim of actual innocence in order to trigger its ameliorative holding. More pointedly, *Murray* does not state that procedural default can be avoided for claims of perjury that, even if proven, would not establish actual innocence. Applied to the facts at hand, it is undisputed that the petitioner never specifically raised a claim of actual innocence; rather, he has asserted irregularities in his underlying criminal trial. He argues that an actual innocence claim is embedded in his assertion that he was convicted in the "absence of constitutionally competent proof of scienter . . . ." Thus, he argues, because the state failed to prove specific intent, he was not guilty of embezzlement. Tellingly, he does not allege that he did not commit the acts that are the basis for the embezzlement claim. As the record reveals, the petitioner's claim is essentially one of sufficiency of the evidence and not one of actual innocence. Our review of the record leads us to the firm conviction that the question raised by the petitioner, simply, is not one that is debatable among jurists of reason. Accordingly, the court did not abuse its discretion in denying the petitioner certification to appeal.

The petitioner also claims that he was not required to set forth facts establishing cause and prejudice because the amended return filed by the respondent was not sufficient to require the petitioner to do so. Specifically, he claims that the amended return did not contain factual allegations, as required by Practice Book § 23-30 (b). In support of this argument, the petitioner claims that the respondent's return did not

include a mittimus, as required by Practice Book § 23-30 (a), and that the amended return could be described more accurately as a motion to dismiss, which does not require a reply pleading. These claims are without merit.

The respondent's amended return plainly alleges facts in support of the claim of procedural default, as required by Practice Book § 23-30 (b). The amended return stated that "[the petitioner] did not raise the claim before the trial court at sentencing . . . or on direct appeal," as well as that the petitioner could not "establish 'cause' for the procedural default and 'prejudice' sufficient to excuse the default and permit review of the claim for the first time in this habeas corpus proceeding." These statements are plainly factual allegations. It is true that the respondent failed to attach a commitment order pursuant to Practice Book § 23-30 (a); however, the court deemed this issue to be abandoned because it had not been argued or briefed on appeal. The petitioner presents no logical support for a contrary conclusion. Last, the claim that the respondent's amended return was, in fact, a motion to dismiss is utterly devoid of merit.

On the basis of our review of this record, we conclude, accordingly, that the petitioner has failed to establish a claim that would satisfy any of the criteria set forth in *Lozada*, and, thus, the court did not abuse its discretion by denying the petitioner certification to appeal.

The appeal is dismissed.