LUCIS RICHARDSON *v.* COMMISSIONER
OF CORRECTION
(AC 30447)

Flynn, C. J., and Robinson and Carroll, Js.*

---

* The listing of judges reflects their seniority status on this court as of the date of oral argument.

Argued January 11—officially released August 17, 2010

*Lawrence S. Dressler*, special public defender, for the appellant (petitioner).

*Melissa Patterson*, deputy assistant state's attorney, with whom, on the brief, were *Gail P. Hardy*, state's attorney, *Erika L. Brookman*, deputy assistant state's attorney, and *Jessica Probolus*, special deputy assistant state's attorney, for the appellee (respondent).

*Opinion*

ROBINSON, J. The petitioner, Lucis Richardson, following a grant of certification to appeal by the habeas court, appeals from the judgment of the court denying his petition for a writ of habeas corpus. The petitioner claims that the court abused its discretion in denying his habeas petition because his trial counsel had provided him with ineffective assistance. We conclude that

the petitioner did not adequately brief his claim and, accordingly, affirm the judgment of the habeas court.

This court's decisions in the petitioner's previous direct appeals provide the necessary factual background for the present case. In the early hours of February 24, 1996, the petitioner was involved in the attempted robbery of a Hartford taxicab driver that left the driver dead from multiple stab wounds to the chest. Later that day, after assurances from the police that he was not a suspect but merely a witness, the petitioner accompanied two officers to the police station. There, he gave an oral statement in which he implicated two individuals as the perpetrators of the robbery attempt. At some point during that evening, the petitioner's statement was reduced to writing by the officers and signed by the petitioner. At about 11 p.m., he was taken home by the police. His statements were not preceded by any *Miranda*[1] warnings. On February 29, 1996, the petitioner waived his *Miranda* rights and gave a fully voluntary statement to the police, in which he confessed to his involvement in the crime. See *State* v. *Richardson*, 66 Conn. App. 724, 729–30, 785 A.2d 1209 (2001).

The petitioner was charged with felony murder in violation of General Statutes § 53a-54c, robbery in the first degree in violation of General Statutes § 53a-134 (a) (3), attempt to commit robbery in the first degree in violation of General Statutes §§ 53a-134 (a) (3) and 53a-49 (a) (2), and conspiracy to commit robbery in the first degree in violation of General Statutes §§ 53a-134 (a) (3) and 53a-48 (a). Prior to trial, the petitioner filed a motion to suppress all of his oral and written statements, which the court denied at the pretrial suppression hearing. After a jury trial, the petitioner was acquitted of the charge of robbery in the first degree

[1] See *Miranda* v. *Arizona*, 384 U.S. 436, 478–79, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966).

and found guilty of attempt to commit robbery in the first degree and conspiracy to commit robbery in the first degree. The court declared a mistrial as to the felony murder charge. On March 2, 1999, the petitioner was sentenced to thirty-seven years imprisonment. On appeal, this court affirmed the petitioner's conviction. See id.

After being retried on the felony murder charge, the petitioner was found guilty on October 4, 2002. The petitioner again filed a motion to suppress his statements to the police, which the court denied.[2] He was sentenced to fifty years imprisonment to run concurrently with his previous sentence. On appeal, this court affirmed the petitioner's conviction. See *State* v. *Richardson*, 86 Conn. App. 32, 860 A.2d 272 (2004), cert. denied, 273 Conn. 907, 868 A.2d 748, cert. denied, 545 U.S. 1107, 125 S. Ct. 2550, 162 L. Ed. 2d 281 (2005).

The petitioner was represented at the 1996 suppression hearing by attorney Kevin Randolph.[3] Randolph testified that his theory at the suppression hearing was that the petitioner had not been advised of his *Miranda* rights, and, therefore, his confession was not knowing and voluntary. Further, Randolph testified that he did not request the petitioner's school records evincing his disability because it would not have contributed to Randolph's theory.

"In its oral memorandum of decision [on the motion for suppression], the court made only limited factual findings and, although the court did not explicitly conclude that the [petitioner] was not in custody at the time that he made the statements, that determination

---

[2] The court denied the motion to suppress, finding that a second evidentiary hearing on the motion to suppress was barred by the principle of res judicata.

[3] Randolph was practicing law as an attorney in 1996 when the petitioner's pretrial motion to suppress was heard. Subsequently, he was appointed a judge of the Superior Court.

is implicit in light of the fact that the court denied his motion to suppress. At trial, the state introduced both the [petitioner's] February 24 and February 29 statements, and the testimony of [Danixsa] Sanchez and [Phillip Milling, who were with the petitioner during the evening before the robbery] as part of its case-in-chief." *State* v. *Richardson*, supra, 66 Conn. App. 730.

On December 1, 2006, the petitioner filed a second amended petition for a writ of habeas corpus, following his original August 25, 2005 petition, claiming that he had received ineffective assistance of trial counsel.[4] On October 3, 2008, the habeas court denied the petition. On October 6, 2008, the petitioner filed a petition for certification to appeal, which was granted. This appeal followed.

The petitioner claims that the court abused its discretion in denying his habeas petition because it improperly concluded that he failed to demonstrate that his trial counsel provided him with ineffective assistance. The petitioner specifically claims that Randolph provided him with ineffective assistance by failing to present evidence of the petitioner's mental disabilities at the suppression hearing. The petitioner argues that his waiver of his *Miranda* rights was not knowing and voluntary because of his low intelligence and reading and auditory comprehension disabilities. We decline to review this claim due to an inadequate brief.

"[R]eviewing courts are not required to review issues that have been improperly presented to th[e] court through an inadequate brief. . . . Analysis, rather than mere abstract assertion, is required in order to avoid

---

[4] The petitioner withdrew his initial petition without prejudice so that he could combine and address in one petition his convictions of attempt to commit robbery in the first degree, conspiracy to commit robbery in the first degree and felony murder.

abandoning an issue by failure to brief the issue properly. . . . Where a claim is asserted in the statement of issues but thereafter receives only cursory attention in the brief without discussion or citation of authorities, it is deemed to be abandoned." (Internal quotation marks omitted.) *Raynor* v. *Commissioner of Correction*, 117 Conn. App. 788, 796–97, 981 A.2d 517 (2009), cert. denied, 294 Conn. 926, 986 A.2d 1053 (2010).

"To prevail on a claim of ineffective assistance of counsel, a petitioner must show (1) that counsel's performance was deficient and (2) that the deficient performance prejudiced the defense." *Morant* v. *Commissioner of Correction*, 117 Conn. App. 279, 301, 979 A.2d 507, cert. denied, 294 Conn. 906, 982 A.2d 1080 (2009), citing *Strickland* v. *Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). "Because the petitioner must satisfy *both* prongs of the *Strickland* test to prevail on a habeas corpus petition, this court may dispose of the petitioner's claim if he fails to meet either prong." (Emphasis added; internal quotation marks omitted.) *Morant* v. *Commissioner of Correction*, supra, 301.

In his brief, the petitioner offers only case law in which a defendant's confession was found not to be knowing and voluntary due to the defendant's brain injury; see *United States* v. *Timbana*, 222 F.3d 688 (9th Cir.), cert. denied, 531 U.S. 1028, 121 S. Ct. 604, 148 L. Ed. 2d 516 (2000); and argues that his mental state and confession in the present case are analogous. This hints at the possibility that trial counsel's performance was deficient for not presenting this argument. The petitioner fails, however, to analyze why this falls below an objective standard of reasonableness required to show deficient performance by counsel. See *Strickland* v. *Washington*, supra, 466 U.S. 688. Further, the petitioner offers only a conclusory assertion that he satisfied the prejudice prong of the *Strickland* test without

any analysis as to how he was prejudiced by the admission of his confession. We, therefore, decline to consider this claim.

The judgment is affirmed.

In this opinion the other judges concurred.