******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

IVAN DIAZ *v.* COMMISSIONER OF CORRECTION
(AC 36003)

Gruendel, Mullins and Dupont, Js.

*Argued March 3—officially released June 9, 2015*

(Appeal from Superior Court, judicial district of
Tolland, Sferrazza, J.)

*John J. Duguay*, with whom, on the brief, was
*Michael D. Day*, for the appellant (petitioner).

*Michael Proto*, assistant state's attorney, with whom,
on the brief, was *John C. Smriga*, state's attorney, for
the appellee (respondent).

*Opinion*

MULLINS, J. The petitioner, Ivan Diaz, appeals from the judgment of the habeas court dismissing, sua sponte, his petition for a writ of habeas corpus on the basis of deliberate bypass.[1] The petitioner claims that the court improperly dismissed his petition sua sponte. We agree. Accordingly, we reverse the judgment of the habeas court and remand the matter for further proceedings.

The facts underlying the petitioner's conviction can be found in our Supreme Court's decision, affirming the judgment of conviction, in his direct appeal; see *State* v. *Diaz*, 237 Conn. 518, 679 A.2d 902 (1996); and need not be repeated for purposes of this appeal. In February, 1997, the petitioner filed his first petition for a writ of habeas corpus, alleging that his trial attorney and his appellate attorney rendered ineffective assistance. That petition was not successful. See *Diaz* v. *Commissioner of Correction*, 92 Conn. App. 533, 886 A.2d 460 (2005), cert. denied, 277 Conn. 905, 894 A.2d 986 (2006). In February, 2004, the petitioner filed his second petition for a writ of habeas corpus, alleging that his attorney in his first habeas proceeding was ineffective. That petition also was unsuccessful. In May, 2007, the petitioner filed his third petition for a writ of habeas corpus. Attorney Cheryl Juniewic was assigned to represent the petitioner in this third petition, in which the petitioner alleged, among other things, that his attorney in his second habeas proceeding, Genevieve Salvatore, was ineffective. The third petition was assigned for trial on July 8, 2010, but, on July 2, 2010, the petitioner withdrew the third petition. The withdrawal form was signed by both Attorney Juniewic and the petitioner.

On February 4, 2011, the petitioner filed his fourth petition for a writ of habeas corpus, alleging claims of ineffective assistance of counsel as to each of the petitioner's previous attorneys, in addition to due process claims. Following the appointment of counsel, the petitioner filed an amended petition on March 13, 2013. The respondent, the Commissioner of Correction, filed his return on March 20, 2003, admitting in part and denying in part the allegations set forth in the amended petition.

The matter proceeded to a May 30, 2013 habeas trial, at the start of which the petitioner withdrew his claims regarding Attorney Juniewic. On August 14, 2013, the habeas court dismissed, sua sponte, the entire petition on the ground that the court was deprived of subject matter jurisdiction because the petition consisted of claims that were deliberately bypassed.[2] Specifically, the court determined that, once the petitioner had withdrawn his claims against Attorney Juniewic, there remained only claims that he previously had raised in this third habeas petition, and that the withdrawal of

that third petition barred the petitioner from raising the same claims in a future habeas petition on the ground of deliberate bypass. This appeal followed.

On appeal, the petitioner claims that the court improperly dismissed his petition sua sponte. He claims that the court improperly raised and acted sua sponte on an affirmative defense not pleaded by the respondent. The petitioner also claims that the court improperly determined that the deliberate bypass doctrine applied in this case and that it was a bar to the petitioner's claims. We conclude that the court improperly acted sua sponte in this case on an issue that did not involve the court's subject matter jurisdiction.

"The conclusions reached by the trial court in its decision to dismiss [a] habeas petition are matters of law, subject to plenary review. . . . [When] the legal conclusions of the court are challenged, [the reviewing court] must determine whether they are legally and logically correct . . . and whether they find support in the facts that appear in the record. . . . To the extent that factual findings are challenged, this court cannot disturb the underlying facts found by the habeas court unless they are clearly erroneous . . . ." (Internal quotation marks omitted.) *Fine* v. *Commissioner of Correction*, 147 Conn. App. 136, 140, 81 A.3d 1209 (2013).

First, we consider it important to address the court's conclusion that the deliberate bypass doctrine implicates the court's subject matter jurisdiction, which would then give the court the authority to raise the doctrine sua sponte.[3] See *Lopez* v. *Board of Education*, 310 Conn. 576, 589–90, 81 A.3d 184 (2013) ("issues of subject matter jurisdiction may be raised at any time, including by the court sua sponte, regardless of the manner in which the issue is treated by the parties"). In its memorandum of decision, the court relied, inter alia, on *Galland* v. *Bronson,* 204 Conn. 330, 333, 527 A.2d 1192 (1987) ("issue of deliberate bypass is jurisdictional in nature"), for its determination that the doctrine of deliberate bypass was jurisdictional. In a later case, however, our Supreme Court explained: "While we have often characterized the question of deliberate bypass as 'jurisdictional' . . . and thus arguably not waivable [by the state] . . . the rule is rather a prudential limitation on the right to raise constitutional claims in collateral proceedings." (Citations omitted.) *Payne* v. *Robinson*, 207 Conn. 565, 569 n.1, 541 A.2d 504, cert. denied, 488 U.S. 898, 109 S. Ct. 242, 102 L. Ed. 2d 230 (1988).

Following its decision in *Payne,* the court further clarified that deliberate bypass was not jurisdictional when it stated: "The cause and prejudice requirement, like the deliberate-bypass standard that preceded it . . . is not jurisdictional in nature. . . . Consequently, a habeas petitioner's failure to establish cause and prejudice does not deprive either the habeas court or a

reviewing court of subject matter jurisdiction over the habeas action." (Citations omitted; internal quotation marks omitted.) *Taylor* v. *Commissioner of Correction*, 284 Conn. 433, 447 n.18, 936 A.2d 611 (2007). Accordingly, the habeas court improperly determined that the deliberate bypass doctrine implicated its subject matter jurisdiction in this case.

We next address whether the court improperly raised the deliberate bypass doctrine sua sponte. We agree with the petitioner that this issue is controlled by *Barlow* v. *Commissioner of Correction*, 150 Conn. App. 781, 786–87, 93 A.3d 165 (2014).[4]

In *Barlow*, we explained: "Practice Book § 23-30 (b) provides, in relevant part, that the respondent's return shall allege any facts in support of any claim of procedural default, abuse of the writ, or any other claim that the petitioner is not entitled to relief. . . . [T]he doctrine of deliberate bypass historically has arisen in the context of habeas petitions involving claims procedurally defaulted at trial and on appeal. . . . If the respondent claims that the petitioner should have raised the issue [previously] . . . the claim [of procedural default] must be raised in the return or it will not be considered at the [habeas] hearing. . . . [T]he plain language of Practice Book § 23-30 (b) requires the [respondent] to plead procedural default in [the] return or [the respondent] will relinquish the right to assert the defense thereafter. . . . [I]n Connecticut, although the petitioner has the burden of proving cause and prejudice . . . that burden does not arise until after the respondent raises the claim of procedural default in [the] return. . . . [When] the respondent [does] not plead procedural default as an affirmative defense . . . the court [may] not find that the petitioner was procedurally defaulted . . . ." (Citations omitted; emphasis omitted; internal quotation marks omitted.) Id.; see *Day* v. *Commissioner of Correction*, 151 Conn. App. 754, 758–60, 96 A.3d 600, cert. denied, 314 Conn. 936, 102 A.3d 1113 (2014).

Here, the respondent did not assert in his return the affirmative defense of procedural default or otherwise indicate that he wished to assert a defense of deliberate bypass. Although the respondent argues that such a claim was not viable when the return was filed in this case, and that it did not become viable until the petitioner withdrew his claim that Attorney Juniewic had been ineffective, the record does not demonstrate that the respondent made any attempt after the withdrawal to raise this defense by seeking to amend his return or otherwise. See generally *Jackson* v. *Commissioner of Correction*, 149 Conn. App. 681, 685, 89 A.3d 426 (respondent filed amended return), cert. granted on other grounds, 313 Conn. 901, 96 A.3d 558 (2014); *Ankerman* v. *Commissioner of Correction*, 122 Conn. App. 246, 248, 999 A.2d 789 (respondent filed amended

return), cert. denied, 298 Conn. 922, 4 A.3d 1225 (2010). Accordingly, we conclude that the defense was waived by the respondent and that the court, therefore, improperly raised it sua sponte.[5]

The judgment is reversed and the case is remanded for further proceedings.

In this opinion the other judges concurred.

[1] The habeas court granted the petition for certification to appeal.

[2] Although the court in its memorandum of decision clearly stated that the petition for a writ of habeas corpus was dismissed, the judgment file prepared by the assistant clerk stated that it was denied.

[3] For purposes of our analysis, we need not determine whether deliberate bypass could be applicable to any individual claims in the petitioner's habeas petition or in habeas proceedings alleging ineffective assistance of counsel.

[4] We note that our decision in *Barlow* v. *Commissioner of Correction*, supra, 150 Conn. App. 781, was released well after the habeas court rendered its decision in this case.

[5] Although we conclude that the respondent waived this defense, we, nonetheless, also note, in accordance with *Fine* v. *Commissioner of Correction*, supra, 147 Conn. App. 145–48, that a petitioner does not automatically "deliberately bypass" or waive his right to refile a petition simply because he withdraws a prior petition, unless there is a showing that the petitioner knew that the withdrawal of that prior petition was with prejudice or under some sanction. See, e.g., id.; *Mozell* v. *Commissioner of Correction*, 147 Conn. App. 748, 757–60, 83 A.3d 1174 (court properly held that petitioner knowingly withdrew, with prejudice, count from prior habeas petition when record supported such finding), cert. denied, 311 Conn. 928, 86 A.3d 1057 (2014); *Richardson* v. *Commissioner of Correction*, 123 Conn. App. 301, 305 n.4, 1 A.3d 1142 ("petitioner withdrew his initial petition without prejudice so that he could combine and address in one petition" several convictions), cert. denied, 299 Conn. 910, 10 A.3d 528 (2010).