JASON M. DAY *v.* COMMISSIONER OF CORRECTION
(AC 24162)

Lavery, C. J., and Bishop and Hennessy, Js.

Argued October 21—officially released December 21, 2004

*Lisa J. Steele,* special public defender, for the appellant (petitioner).

*Gerard P. Eisenman,* senior assistant state's attorney, for the appellee (respondent).

*Opinion*

HENNESSY, J. The petitioner, Jason M. Day, appeals from the judgment of the habeas court dismissing his petition for a writ of habeas corpus.[1] On appeal, the petitioner claims that the court improperly found that his trial counsel provided effective assistance. The petitioner argued that his counsel failed (1) to make an effort to be prepared for trial within the statutory speedy trial deadlines, and (2) to advise him and the trial court that counsel could be ready to try the case within the thirty days between the petitioner's filing a pro se speedy trial motion and the commencement of voir dire, which caused the petitioner to waive his right to counsel during voir dire and the first day of trial. We affirm the judgment of the habeas court.

Our Supreme Court affirmed the petitioner's underlying conviction in *State* v. *Day,* 233 Conn. 813, 661 A.2d 539 (1995),[2] which set out the following relevant facts. "On June 12, 1990, the day after the [petitioner] was charged in a multicount information, he was afforded legal representation by the appointment of William Holden, the public defender for the judicial district of Fairfield. One month later, at the [petitioner's] probable cause hearing, Patrick J. Culligan of the trial services unit in the office of the chief public defender also entered an appearance on the [petitioner's] behalf. On

---

[1] The habeas court granted the petition for certification to appeal to this court.

[2] The petitioner was convicted of one count of capital felony in violation of General Statutes § 53a-54b (8), four counts of murder in violation of General Statutes § 53a-54a (a) and one count of assault in the third degree in violation of General Statutes § 53a-61 (a) (1).

March 4, 1991, against the advice of both attorneys, who still purported to represent him at the time, the [petitioner] filed a pro se motion for a speedy trial. The trial court, *Ronan, J.*, ruled that the motion was effective upon receipt and set the case to begin trial no later than thirty days after the filing date.

"Three weeks later, on March 26, 1991, the [petitioner] moved in open court to waive his right to counsel and to represent himself. After canvassing the [petitioner], the trial court, *McKeever, J.*, granted the [petitioner's] motion and simultaneously appointed Culligan as standby counsel. Throughout the entire voir dire, which commenced the following day and continued sporadically through the middle of May, 1991, the [petitioner] represented himself, though standby counsel was present. The state began presenting its evidence to the jury on May 20, 1991. During the first day of the trial, four witnesses testified. Before the trial resumed on the following day, May 21, the [petitioner] requested that his standby counsel be reappointed to represent him. The trial court immediately granted his request, appointed Culligan and Holden and adjourned for the day. On May 22, Culligan and Holden moved for a mistrial. When their motion was denied, they requested a thirty day continuance. The trial court acceded to the request for a continuance, but only for thirteen days, until June 4, 1991. On that day, after counsel's renewed request for a longer continuance was denied, the presentation of evidence to the jury resumed." Id., 817–18.

In his petition for a writ of habeas corpus, the petitioner alleged numerous claims of ineffectiveness on the part of his trial counsel.[3] "In *Strickland* v. *Washing-*

[3] In his direct appeal, the petitioner asserted "that the trial court improperly: (1) accepted his waiver of the right to counsel and permitted him to represent himself; (2) granted his pro se motion for a speedy trial while he still was represented by counsel; (3) denied his request for a mistrial upon reappointment of counsel; (4) denied various defense motions during voir dire; (5) upon reappointment of counsel, granted a continuance only for two weeks rather than for the one month requested; and (6) failed to instruct

*ton,* 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the United States Supreme Court established that for a petitioner to prevail on a claim of ineffective assistance of counsel, he must show that counsel's assistance was so defective as to require reversal of [the] conviction. . . . That requires the petitioner to show (1) that counsel's performance was deficient and (2) that the deficient performance prejudiced the defense. . . . Unless a [petitioner] makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable." (Internal quotation marks omitted.) *Toccaline* v. *Commissioner of Correction,* 80 Conn. App. 792, 798, 837 A.2d 849, cert. denied, 268 Conn. 907, 845 A.2d 413, cert. denied sub nom. *Toccaline* v. *Lantz,* 543 U.S. 854, 125 S. Ct. 301, 160 L. Ed. 2d 90 (2004). "A court deciding an ineffective assistance of counsel claim need not address the question of counsel's performance, if it is easier to dispose of the claim on the ground of insufficient prejudice." *Nardini* v. *Manson,* 207 Conn. 118, 124, 540 A.2d 69 (1988). Whether a defendant received constitutionally adequate representation at trial is a mixed question of fact and law to which plenary review applies. *Toccaline* v. *Commissioner of Correction,* supra, 797.

In this case, the court applied the appropriate *Strickland* standard of review. The court found that counsel did a "superb job" of representing the petitioner, as the state's case, which involved multiple homicide counts, was strong. Despite the petitioner's filing a pro se motion for a speedy trial, and electing to represent himself during jury selection and the first day of evidence, the petitioner's reappointed counsel were able

---

the jury on the 'two witness' rule, which failure resulted in his conviction upon insufficient evidence." *State* v. *Day,* supra, 233 Conn. 819. Our Supreme Court disagreed with each of the petitioner's contentions and affirmed his conviction. Id.

to avoid the death penalty in a case in which one of the murder victims was a five year old child. Whatever difficulties counsel faced at trial were the result of the defendant having filed a motion for a speedy trial contrary to his counsel's recommendations. Counsel, nonetheless, were adequately prepared, demonstrated good judgment, had a trial strategy, and filed appropriate motions for a mistrial and to suppress the petitioner's statement to agents of the Federal Bureau of Investigation.

The petitioner contends that despite the efforts of counsel at trial, by proceeding pro se through voir dire he obtained a jury that could not impartially decide his case. "A pro se defendant's performance, in all likelihood, will be imperfect. That lack of professionalism does not suggest, however, that every pro se defendant who subsequently regrets the decision to waive counsel should be afforded a new trial." *State* v. *Day*, supra, 233 Conn. 841.

Our review of the record reveals that when necessary, both the trial judge and the prosecutor intervened to ensure that the petitioner received a fair and impartial jury.[4] Looking at the active roles the judge and prosecutor took during voir dire, combined with the result the petitioner's trial counsel were able to obtain, i.e., avoiding the death penalty, we cannot say that the petitioner was prejudiced by his performance during jury selection.[5]

---

[4] The Supreme Court noted in the petitioner's direct appeal that the trial court had stated to the petitioner "that on many, many occasions [the trial court] excused the juror without [the petitioner] ever making a request for cause or [the prosecutor] making a request for cause and all this has been done to ensure that [the petitioner received] as fair a trial as [the trial court could] possibly arrange." (Internal quotation marks omitted.) *State* v. *Day*, supra, 233 Conn. 844 n.26. Furthermore, the petitioner, in his brief, claims that the prosecutor intervened to excuse a potential juror for cause when he determined that the potential juror was biased against the petitioner.

[5] Having determined that the petitioner was not prejudiced, we need not address the validity of his specific claims of ineffectiveness. We also need

On the basis of our plenary review of the record and briefs, we agree with the court's conclusion that the representation afforded by petitioner's trial counsel did not violate his constitutional right to the effective assistance of counsel.

The judgment is affirmed.

In this opinion the other judges concurred.

not determine whether, if true, that performance was deficient. See, e.g., *Nardini* v. *Manson*, supra, 207 Conn. 124.