## OSMAN ASIF *v.* COMMISSIONER OF CORRECTION
### (AC 31368)

Gruendel, Robinson and Peters, Js.

Argued February 7—officially released March 29, 2011

*Michael D. Day,* for the appellant (petitioner).

*James A. Killen,* senior assistant state's attorney, with whom, on the brief, were *Kevin D. Lawlor,* state's attorney, and *Erika L. Brookman,* assistant state's attorney, for the appellee (respondent).

*Opinion*

PER CURIAM. The petitioner, Osman Asif, appeals following the denial of his petition for certification to

appeal from the judgment of the habeas court denying his amended petition for a writ of habeas corpus. The petitioner claims that the court abused its discretion in denying certification to appeal and improperly rejected his claim that his trial counsel rendered ineffective assistance. We disagree and dismiss the appeal.

The record reveals the following relevant facts and procedural history. On June 14, 2005, the petitioner pleaded guilty under the *Alford* doctrine[1] to two counts of larceny in the third degree in violation of General Statutes § 53a-124. On September 2, 2005, in accordance with a plea agreement, the court, *Carroll, J.*, rendered judgment and imposed a total effective sentence of ten years incarceration, execution suspended after four years, with five years of probation.

The petitioner subsequently filed an amended petition for a writ of habeas corpus in which he alleged that his trial counsel, Thomas McKirdy, rendered ineffective assistance. Specifically, the petitioner alleged, inter alia, that McKirdy failed to advise him adequately with respect to the consequences of accepting the plea agreement. Following a hearing, the court, *Nazzaro, J.*, denied the habeas petition and the subsequent petition for certification to appeal. This appeal followed.

We first set forth our standard of review. "Faced with the habeas court's denial of certification to appeal, a petitioner's first burden is to demonstrate that the habeas court's ruling constituted an abuse of discretion. Abuse of discretion is the proper standard because that is the standard to which we have held other litigants whose rights to appeal the legislature has conditioned

---

[1] See *North Carolina* v. *Alford*, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970). "The *Alford* doctrine allows a defendant to plead guilty without admitting guilt. In pleading guilty, however, the defendant acknowledges that the state's evidence against him is so strong that he is prepared to accept the entry of a guilty plea." (Internal quotation marks omitted.) *State* v. *Boscarino*, 86 Conn. App. 447, 451 n.4, 861 A.2d 579 (2004).

upon the obtaining of the trial court's permission. . . . If the petitioner succeeds in surmounting that hurdle, the petitioner must then demonstrate that the judgment of the habeas court should be reversed on its merits." (Citations omitted.) *Simms* v. *Warden*, 230 Conn. 608, 612, 646 A.2d 126 (1994). To determine whether the court abused its discretion, the petitioner must demonstrate "that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further." (Internal quotation marks omitted.) Id., 616, quoting *Lozada* v. *Deeds*, 498 U.S. 430, 432, 111 S. Ct. 860, 112 L. Ed. 2d 956 (1991). As to reversal on the merits, "[t]he standard of review of a habeas court's denial of a petition for a writ of habeas corpus that is based on a claim of ineffective assistance of counsel is well settled. To prevail on a claim of ineffective assistance of counsel, a habeas petitioner generally must show that counsel's performance was deficient and that the deficient performance prejudiced the defense. See *Strickland* v. *Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)." *Ortiz* v. *Commissioner of Correction*, 92 Conn. App. 242, 243–44, 884 A.2d 441, cert. denied, 276 Conn. 931, 889 A.2d 817 (2005).

With that standard in mind, we turn to the petitioner's claims on appeal. The petitioner claims that McKirdy was ineffective because McKirdy never advised him as to both his right to appeal from the *Alford* plea and the effect that the plea would have on his immigration status.[2] As the habeas court found and the petitioner concedes, however, these specific claims of ineffective assistance were not explicitly raised in the amended petition, and, as such, the habeas court properly

---

[3] At the time the petitioner entered his plea, he was not a citizen of the United States and was subject to deportation pursuant to 8 U.S.C. § 1227 (a) (2) (A) (iii).

declined to rule definitively on them. See Practice Book § 23-22 ("[a] petition for a writ of habeas corpus shall state: (1) the specific facts upon which each *specific claim* of illegal confinement is based" [emphasis added].) As we repeatedly have advised litigants, "[t]his court is not bound to consider claimed errors unless it appears on the record that the question was *distinctly raised* . . . and was ruled upon and decided by the court adversely to the appellant's claim." (Emphasis in original; internal quotation marks omitted.) *Ankerman* v. *Commissioner of Correction*, 104 Conn. App. 649, 653–54 n.3, 935 A.2d 208 (2007), cert. denied, 285 Conn. 916, 943 A.2d 474 (2008). In the present case, we conclude that the petitioner's claims of ineffective assistance of counsel were not "*distinctly raised*" in his amended petition, nor were they ruled on and decided by the habeas court. See id. Accordingly, the petitioner has failed to sustain his burden of demonstrating that the denial of certification to appeal constituted an abuse of discretion.

The appeal is dismissed.