OSMAN ASIF *v.* COMMISSIONER OF CORRECTION
(AC 32307)

Alvord, Espinosa and Bishop, Js.

---

Argued October 18—officially released December 13, 2011

*Michael D. Day*, for the appellant (petitioner).

*James A. Killen*, senior assistant state's attorney, with whom, on the brief, was *Kevin T. Kane*, chief state's attorney, for the appellee (respondent).

*Opinion*

PER CURIAM. The petitioner, Osman Asif, appeals following the denial of his petition for certification to appeal from the judgment of the habeas court dismissing his petition for a writ of habeas corpus. On appeal, the petitioner claims that the court abused its discretion in denying certification to appeal the judgment of the habeas court and improperly dismissed his petition for a writ of habeas corpus on the ground that it was successive pursuant to Practice Book § 23-29 (3). We disagree and, accordingly, dismiss the petitioner's appeal.

The record reveals the following relevant facts and procedural history. On June 14, 2005, the petitioner pleaded guilty under the *Alford* doctrine[1] in two separate dockets to two counts of larceny in the third degree in violation of General Statutes § 53a-124. On September 2, 2005, in accordance with a plea agreement, the court rendered judgment and imposed a total effective sentence of ten years incarceration, execution suspended after four years, with five years of probation.

The petitioner subsequently filed an amended petition for a writ of habeas corpus in May, 2009, in which he alleged that his trial counsel rendered ineffective assistance, claiming, inter alia, that his attorney failed to advise him adequately with respect to the consequences of accepting the plea agreement. The habeas court denied the petition and the subsequent petition for certification to appeal. The petitioner appealed from the habeas court's judgment, claiming that he was deprived of the effective assistance of counsel because his trial attorney failed to advise him of the immigration consequences of his guilty pleas.[2] Because the petitioner failed to distinctly raise that claim before the habeas court, this court dismissed his appeal. See *Asif* v. *Commissioner of Correction*, 127 Conn. App. 599, 14 A.3d 498 (2011).

On March 10, 2010, the petitioner filed the present petition for a writ of habeas corpus claiming ineffective assistance of counsel on the ground that he was not advised of the immigration consequences of his guilty pleas. Specifically, the petitioner claimed that he was

---

[1] See *North Carolina* v. *Alford*, 400 U.S. 25, 37–39, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970).

[2] We note that the petitioner was advised by the court during the court's canvass of the petitioner prior to his plea of the potential immigration consequences of his guilty pleas should he not be a citizen of the United States. In response, the petitioner indicated to the court that he understood those potential consequences.

not advised that he would be subject to deportation as a result of his pleas and resulting criminal convictions. On April 5, 2010, the habeas court dismissed the petition pursuant to Practice Book § 23-29 (3), concluding that the petition "presents the same ground as a prior petition previously denied and fails to state new facts or proffer new evidence not reasonably available at the time." The habeas court denied the petition for certification to appeal. This appeal followed.

We first set forth our standard of review. "Faced with the habeas court's denial of certification to appeal, a petitioner's first burden is to demonstrate that the habeas court's ruling constituted an abuse of discretion." *Simms* v. *Warden*, 230 Conn. 608, 612, 646 A.2d 126 (1994). To prove an abuse of discretion, the petitioner must demonstrate "that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further." (Internal quotation marks omitted.) Id., 616. "If the petitioner succeeds in surmounting that hurdle, the petitioner must then demonstrate that the judgment of the habeas court should be reversed on its merits." Id., 612.

"Practice Book § 23-29 provides in relevant part: The judicial authority may, at any time, upon its motion or upon motion of the respondent, dismiss the petition, or any count thereof, if it determines that . . . (3) the petition presents the same ground as a prior petition previously denied and fails to state new facts or proffer new evidence not reasonably available at the time of the prior petition . . . . In this context, a ground has been defined as sufficient legal basis for granting the relief sought. . . .

"[A] petitioner may bring successive petitions on the same legal grounds if the petitions seek different relief.

. . . But where successive petitions are premised on the same legal grounds and seek the same relief, the second petition will not survive a motion to dismiss unless the petition is supported by allegations and facts not reasonably available to the petitioner at the time of the original petition." (Citations omitted; internal quotation marks omitted.) *McClendon* v. *Commissioner of Correction*, 93 Conn. App. 228, 231, 888 A.2d 183 (2006).

Here, the petitioner concedes that he is not raising a new issue in his petition because his previous petition also claimed ineffective assistance of counsel. He contends, however, that new facts have arisen that entitle him to elude dismissal pursuant to Practice Book § 23-29 (3). The petitioner contends that the United States Supreme Court's decision in *Padilla* v. *Kentucky*, 559 U.S. 356, 130 S. Ct. 1473, 176 L. Ed. 2d 284 (2010), constitutes a new fact because, in *Padilla*, the court held that the sixth amendment right to competent counsel was implicated when a noncitizen defendant was not advised by his counsel prior to making his guilty plea that deportation virtually was mandatory. The petitioner argues also that *Padilla* does not set forth a new rule in requiring that a criminal defendant be advised of the immigration consequences of a plea agreement, and, therefore, the holding in *Padilla* can be applied retroactively. Although we find somewhat inconsistent the petitioner's argument that *Padilla* represents a new fact but does not set forth a new rule, his argument, in its best light, is of no avail to the petitioner. The petitioner has not cited, nor are we aware of, any legal authority that supports his contention that the holding of a judicial opinion constitutes a new fact or new evidence as contemplated by Practice Book § 23-29 (3). In making his novel argument, the petitioner seeks only to elude the well established rule that one may not bring successive petitions. Here, the petition at hand

is premised on the same legal grounds, ineffective assistance of counsel, and seeks the same relief as the petitioner's previous petition. Accordingly, we conclude that the habeas court properly dismissed the petitioner's writ as successive and did not abuse its discretion in denying the petition for certification to appeal.

The appeal is dismissed.