******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

JASON DAY *v.* COMMISSIONER
OF CORRECTION
(AC 35132)

Beach, Sheldon and Bishop, Js.

*Argued April 21—officially released July 29, 2014*

(Appeal from Superior Court, judicial district of
Tolland, Newson, J.)

*Sarah F. Summons*, assigned counsel, for the appellant (petitioner).

*Adam E. Mattei*, deputy assistant state's attorney, with whom, on the brief, were *John C. Smriga*, state's attorney, and *Craig Nowak*, senior assistant state's attorney, for the appellee (respondent).

*Opinion*

SHELDON, J. The petitioner, Jason Day, appeals following the denial of his petition for certification to appeal from the judgment of the habeas court dismissing his sixth postconviction petition for a writ of habeas corpus, in which he challenged his conviction of one count of capital felony murder in violation of General Statutes § 53a-54b (8), four counts of murder in violation of General Statutes § 53a-54a (a) and one count of assault in the third degree in violation of General Statutes § 53a-61 (a) (1). In support of his sixth petition, the petitioner made several allegations of prosecutorial impropriety, claiming, inter alia, that the prosecuting attorney in the underlying criminal trial vouched for the credibility of certain state's witnesses, argued facts not in evidence and withheld exculpatory evidence from the defense. The petitioner also made allegations of ineffective assistance with respect to his trial attorneys, Patrick J. Culligan and William Holden, on the basis of their decision not to call certain witnesses, and alleged failure, on that basis, to present an adequate defense on his behalf. For the following reasons, we reverse the judgment of the habeas court in part and dismiss the appeal in part.

We begin by setting forth the procedural background of the present appeal. Since March 1, 2001, the petitioner has filed five habeas corpus petitions alleging ineffective assistance of both his trial and his prior habeas counsel. The habeas courts dismissed all five petitions. The petitioner appealed to this court from three of those rulings. See *Day* v. *Commissioner of Correction*, 139 Conn. App. 911, 56 A.3d 764 (appeal dismissed), cert. denied, 308 Conn. 906, 61 A.3d 1097 (2013); *Day* v. *Commissioner of Correction*, 118 Conn. App. 130, 983 A.2d 869 (2009) (judgment affirmed), cert. denied, 294 Conn. 930, 986 A.2d 1055 (2010); *Day* v. *Commissioner of Correction*, 86 Conn. App. 522, 862 A.2d 309 (2004) (judgment affirmed). On December 23, 2005, in addition to his five state habeas petitions, the petitioner commenced a federal habeas corpus action in the United States District Court for the District of Connecticut. The respondent, the Commissioner of Correction, filed a motion to dismiss that federal action, which the District Court granted, concluding "that jurists of reason would not find it debatable that the petitioner did not exhaust his state court remedies with regard to any claim included in this petition." *Day* v. *Dzurenda*, Docket No. 3:06-CV-156 (AWT), 2008 WL 786321 (D. Conn. March 24, 2008).

On March 19, 2012, while the appeal from the dismissal of the petitioner's fifth state habeas petition was pending, he filed his sixth self-represented habeas corpus petition, which is the subject of this appeal. On August 24, 2012, the court, *Newson, J.*, held a hearing on its sua sponte motion to dismiss, at which the parties

were invited, upon the order of the court, to make arguments and present evidence "as to why the petition should not be dismissed for any or all of the reasons cited under Practice Book § 23-29." Thereafter, the court, *Newson, J.*, dismissed the petition pursuant to § 23-29, upon finding that the petitioner's prosecutorial impropriety claims had been procedurally defaulted and that his remaining claims, alleging ineffective assistance of counsel, were successive. On September 4, 2012, the petitioner filed a self-represented petition for certification to appeal from the dismissal of his petition, which the court, *Newson, J.*, denied without opinion on September 14, 2012. This appeal followed.

"Faced with a habeas court's denial of a petition for certification to appeal, a petitioner can obtain appellate review of the dismissal of his petition for habeas corpus only by satisfying the two-pronged test enunciated by our Supreme Court in *Simms* v. *Warden*, 229 Conn. 178, 640 A.2d 601 (1994), and adopted in *Simms* v. *Warden*, 230 Conn. 608, 612, 646 A.2d 126 (1994). First, he must demonstrate that the denial of his petition for certification constituted an abuse of discretion. . . . Second, if the petitioner can show an abuse of discretion, he must then prove that the decision of the habeas court should be reversed on its merits. . . .

"To prove an abuse of discretion, the petitioner must demonstrate that the [resolution of the underlying claim involves issues that] are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further. . . .

"We examine the petitioner's underlying claim of ineffective assistance of counsel in order to determine whether the habeas court abused its discretion in denying the petition for certification to appeal. Our standard of review of a habeas court's judgment on ineffective assistance of counsel claims is well settled. In a habeas appeal, this court cannot disturb the underlying facts found by the habeas court unless they are clearly erroneous, but our review of whether the facts as found by the habeas court constituted a violation of the petitioner's constitutional right to effective assistance of counsel is plenary." (Internal quotation marks omitted.) *Mejia* v. *Commissioner of Correction*, 98 Conn. App. 180, 185–86, 908 A.2d 581 (2006). We will review each of the petitioner's claims in turn.

I

We begin by discussing the petitioner's prosecutorial impropriety claims, on which, the respondent argued and the habeas court ruled, the petitioner was procedurally defaulted. Because the respondent failed to file a return pleading the affirmative defense of procedural default as to the petitioner's claims of prosecutorial impropriety, we conclude that the habeas court abused

its discretion by dismissing those claims on that basis.

In a habeas corpus proceeding in Connecticut, "[t]he petition is in the nature of a pleading, and the return is in the nature of an answer. . . . [T]he interpretation of pleadings is always a question of law for the court . . . . Our review of the [habeas] court's interpretation of the pleadings therefore is plenary. . . . When a respondent seeks to raise an affirmative defense of procedural default, the rules of practice require that he or she must file a return to the habeas petition alleg[ing] any facts in support of any claim of procedural default . . . or any other claim that the petitioner is not entitled to relief. . . . If the return alleges any defense or claim that the petitioner is not entitled to relief, and such allegations are not put in dispute by the petition, the petitioner shall file a reply. . . . The reply shall allege any facts and assert any cause and prejudice claimed to permit review of any issue despite any claimed procedural default."[1] (Citations omitted; internal quotation marks omitted.) *Anderson* v. *Commissioner of Correction*, 114 Conn. App. 778, 786–87, 971 A.2d 766, cert. denied, 293 Conn. 915, 979 A.2d 488 (2009).

Here, the respondent never filed any return, let alone one that pleaded the affirmative defense of procedural default. The respondent, however, at the hearing before the habeas court pursuant to Practice Book § 23-29, argued for the first time that the petitioner's prosecutorial impropriety claims were procedurally defaulted because of his failure to raise these claims either on direct appeal or in any of his previous habeas petitions. "[T]he plain language of Practice Book § 23-30 (b) requires the state to plead procedural default in its return or it will relinquish the right to assert the defense thereafter. . . . [I]n Connecticut, although the petitioner has the burden of proving cause and prejudice . . . that burden does not arise until after the respondent raises the claim of procedural default in its return." (Internal quotation marks omitted.) *Ankerman* v. *Commissioner of Correction*, 104 Conn. App. 649, 654–55, 935 A.2d 208 (2007), cert. denied, 285 Conn. 916, 943 A.2d 474 (2008).

Because the respondent here did not file a return, and thus did not plead the affirmative defense of procedural default as to any of the petitioner's prosecutorial impropriety claims, we conclude that the court abused its discretion by denying the petition for certification to appeal from the judgment denying the petitioner's sixth petition for a writ of habeas corpus. The petitioner successfully has demonstrated that the resolution of these claims involves issues debatable among reasonable jurists, that a court could resolve the issues in a different manner and that they present a question adequate to deserve encouragement to proceed further. Accordingly, the petitioner is entitled to an evidentiary hearing on these claims. See *Mejia* v. *Commissioner*

*of Correction*, supra, 98 Conn. App. 196–97 (defendant entitled to evidentiary hearing on claim in third petition for writ of habeas corpus, even though claim raised for first time in third petition, where state failed to plead procedural default with respect to defendant's claim).

## II

We turn next to the petitioner's claim that the habeas court abused its discretion by dismissing his remaining claims of ineffective assistance of counsel on the ground that they are successive, and by denying his petition for certification to appeal from the dismissal. The respondent claims that the petitioner's general allegations of ineffective assistance of trial counsel are successive, that he failed to allege new facts to the habeas court that were not available to him at the time he filed his previous petitions, and thus that these claims were properly dismissed by the habeas court. We agree with the respondent that the habeas court properly dismissed these claims as successive and denied certification to appeal therefrom. Accordingly, we dismiss the remainder of the petitioner's claims on appeal.

With regard to the petitioner's claims of ineffective assistance of trial counsel, the court found that the petitioner "has litigated that issue fully, and now he only seems to simply attempt to try to relitigate the issue by inserting a different name. . . . [I]t is a successive petition . . . . [The petitioner] has not presented any evidence to this court that this particular witness . . . or any other witness whom he claims counsel failed to call, was not information that was available . . . to him when he brought any one of his numerous prior petitions . . . . [H]e has not presented anything to this court for the court to believe that the claims he presents now were either not available to him or could not have been brought at a prior hearing or [are] otherwise new evidence."

"Our Supreme Court has stated that [i]n our case law, we have recognized only one situation in which a court is not legally required to hear a habeas petition. . . . [P]ursuant to Practice Book [§ 23-29], [i]f a previous application brought on the same grounds was denied, the pending application may be dismissed without hearing, unless it states new facts or proffers new evidence not reasonably available at the previous hearing. We emphasized the narrowness of our construction of § [23-29] by holding that dismissal of a second habeas petition without an evidentiary hearing is improper if the petitioner either raises new claims or offers new facts or evidence. . . . [A]bsent an explicit exception, an evidentiary hearing is always required before a habeas petition may be dismissed. . . .

"We recently explained that Practice Book § 23-29 provides in relevant part: The judicial authority may,

at any time, upon its motion or upon motion of the respondent, dismiss the petition, or any count thereof, if it determines that . . . (3) the petition presents the same ground as a prior petition previously denied and fails to state new facts or proffer new evidence not reasonably available at the time of the prior petition . . . . In this context, a ground has been defined as sufficient legal basis for granting the relief sought. . . .

"[A] petitioner may bring successive petitions on the same legal grounds if the petitions seek different relief. . . . But where successive petitions are premised on the same legal grounds and seek the same relief, the second petition will not survive a motion to dismiss unless the petition is supported by allegations and facts not reasonably available to the petitioner at the time of the original petition. . . .

"Identical grounds may be proven by different factual allegations, supported by different legal arguments or articulated in different language. . . . Simply put, [a]n applicant must . . . show that his application does, indeed, involve a different legal ground, not merely a verbal reformulation of the same ground." (Citations omitted; emphasis omitted; internal quotation marks omitted.) *Mejia* v. *Commissioner of Correction*, supra, 98 Conn. App. 188–90.

Here, the petitioner's allegations of ineffective assistance of trial counsel constituted the same legal ground as those made in his previously filed petitions and simply were expressed in different language in his sixth petition. The petitioner as much as admitted on the record that the only new claims that he was attempting to raise in this sixth petition were those alleging prosecutorial impropriety.[2] In short, the allegations of ineffective assistance of trial counsel in the petitioner's sixth habeas petition are "merely a verbal reformulation of previously rejected claims." *Negron* v. *Warden*, 180 Conn. 153, 161, 429 A.2d 841 (1980). The court found, and we agree, that these claims do not constitute a legal ground different from those raised or seek relief different from that sought in the petitioner's prior petitions. Moreover, although the petitioner claims that the habeas court legally was obligated to hold an evidentiary hearing to allow him the opportunity to comply with the federal District Court's ruling to exhaust his state remedies before seeking a federal remedy, he "has not cited, nor are we aware of, any legal authority that supports his contention that the holding of a judicial opinion constitutes a new fact or new evidence as contemplated by Practice Book § 23-29 (3)." *Asif* v. *Commissioner of Correction*, 132 Conn. App. 526, 530, 32 A.3d 967 (2011), cert. denied, 304 Conn. 901, 37 A.3d 745 (2012). As such, we conclude that this issue is not debatable among jurists of reason, not resolvable in a manner different from that in which it had been resolved and not of the sort that deserves encouragement to

proceed further. Because the petitioner failed to allege any new facts that were not available to him at the time of his previous petitions, we conclude that the habeas court did not abuse its discretion in dismissing these claims as successive or in denying certification to appeal therefrom.

The judgment is reversed only as to the dismissal of the petitioner's claims of prosecutorial impropriety and the case is remanded for further proceedings in accordance with this opinion. The appeal is dismissed as to the remaining claims.

In this opinion the other judges concurred.

[1] "Once the respondent has raised the defense of procedural default in the return, the burden is on the petitioner to prove cause and prejudice. . . . [When] no evidence [of cause and prejudice] has been provided [to the habeas court], [the reviewing] court can independently conclude that the petitioner has failed to meet the cause and prejudice test. . . . [O]nce the respondent raise[s] the defense in [the] return, the burden shift[s] to the petitioner to allege and *prove* cause and prejudice. [When a] petitioner fail[s] to do so, his claims are procedurally defaulted." (Citation omitted; emphasis in original; internal quotation marks omitted.) *Borrelli* v. *Commissioner of Correction*, 113 Conn. App. 805, 814–15, 968 A.2d 439 (2009).

[2] The petitioner engaged in the following colloquy with the court about the claims he was attempting to raise in his sixth petition:

"The Court: [T]he only claim you're attempting to raise in this current petition is a claim of prosecutorial misconduct?

"[The Petitioner]: Basically, yes, Your Honor. That was the gist of this."