******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

ROBERTO ALVARADO *v.* COMMISSIONER
OF CORRECTION
(AC 36148)

DiPentima, C. J., and Gruendel and Prescott, Js.

*Submitted on briefs September 25 —officially released November 11, 2014*

(Appeal from Superior Court, judicial district of
Tolland, Newson, J.)

*Mark Diamond* filed a brief for the appellant (petitioner).

*Stephen J. Sedensky III*, state's attorney, *Lisa A. Riggione*, senior assistant state's attorney, and *Devon T. Stilson*, senior assistant state's attorney, filed a brief for the appellee (respondent).

*Opinion*

PER CURIAM. Under Connecticut law, a successive habeas petition is subject to summary dismissal without a hearing only when the successive petition is premised on the same legal ground, seeks the same relief, and is not supported by allegations and facts that were not reasonably available to the petitioner at the time of the original petition. *McClendon* v. *Commissioner of Correction*, 93 Conn. App. 228, 231, 888 A.2d 183, cert. denied, 277 Conn. 917, 895 A.2d 789 (2006); see also Practice Book § 23-29 (3). The petitioner, Roberto Alvarado,[1] appeals from the habeas court's denial of his petition for certification to appeal from its summary dismissal of his petition for a writ of habeas corpus. On appeal, the petitioner argues that the habeas court (1) abused its discretion in denying certification to appeal, and (2) improperly dismissed his habeas petition pursuant to Practice Book § 23-29 (3). We disagree and dismiss the appeal.

In 2001, a jury found the petitioner guilty of felony murder in violation of General Statutes § 53a-54c, attempt to commit robbery in the first degree in violation of General Statutes §§ 53a-134 (a) (2) and 53a-49, carrying a pistol without a permit in violation of General Statutes (Rev. to 1999) § 29-35 (a), and having a weapon in a motor vehicle in violation of General Statutes (Rev. to 1999) § 29-38. See *State* v. *Lugo*, 266 Conn. 674, 676–77, 835 A.2d 451 (2003). The criminal court sentenced the petitioner to fifty years incarceration and ten years of special parole. Id., 678. Our Supreme Court affirmed his conviction on direct appeal. Id.

The petitioner subsequently filed a petition for a writ of habeas corpus. In a fourth amended petition, dated May 31, 2006, he alleged that he had received ineffective assistance of counsel during his criminal trial from Attorney Paul Eschuk. Specifically, he alleged that Eschuk had provided ineffective assistance by failing to file a motion to sever his trial from that of a codefendant on the basis of antagonistic defenses.[2] The petitioner requested, inter alia, in his prayer for relief that he receive a new trial and that he be released from custody. On July 5, 2007, the court, *Fuger, J.*, issued a memorandum of decision denying the habeas petition. Judge Fuger concluded that the petitioner had failed to establish both prongs of the test set forth in *Strickland* v. *Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).[3] The petitioner's appeal from the denial of his habeas petition was dismissed on August 12, 2008, for failure to file a brief.

In the petitioner's second habeas action, in an amended petition dated March 16, 2011, he alleged a violation of his constitutional rights as a result of an ex parte communication between the judge and the jury during his criminal trial. He further claimed that Eschuk

had provided ineffective assistance by failing to raise this claim. The petitioner requested that the court issue a writ of habeas corpus directing the criminal court to either vacate his conviction within a reasonable amount of time or to release him from confinement. On June 21, 2011, the second habeas court, *T. Santos, J.*, issued a memorandum of decision denying the petition. Judge Santos concluded that the petitioner had "not presented any credible evidence in support of his claims."

The petitioner then commenced this third habeas action, again alleging ineffective assistance of Eschuk. Specifically, he claimed that Eschuk had failed to provide effective representation during voir dire of potential jurors by not asking questions regarding any biases or prejudices that they may have had regarding gangs. The petitioner further contended that Eschuk improperly had failed to present additional testimony relating to gangs to the detriment of his defense. As a remedy, the petitioner sought a new trial and/or to be released from custody. On August 20, 2013, the habeas court, *Newson, J.*, sua sponte, summarily dismissed the habeas petition. It concluded that the petitioner had "raised claims of ineffective assistance against trial counsel in [his two prior habeas petitions], both of which were denied after trials on their merits. The [p]etitioner raises the same claim here, seeks the same relief, and fails to present any new facts or evidence within the meaning of the law. The petition is dismissed pursuant to [Practice Book] § 23-29 (3)." The court subsequently denied the petition for certification to appeal. This appeal followed.

"Faced with a habeas court's denial of a petition for certification to appeal, a petitioner can obtain appellate review of the dismissal of his petition for habeas corpus only by satisfying the two-pronged test enunciated by our Supreme Court in *Simms* v. *Warden*, 229 Conn. 178, 640 A.2d 601 (1994), and adopted in *Simms* v. *Warden*, 230 Conn. 608, 612, 646 A.2d 126 (1994). First, he must demonstrate that the denial of his petition for certification constituted an abuse of discretion. . . . Second, if the petitioner can show an abuse of discretion, he must then prove that the decision of the habeas court should be reversed on its merits. . . .

"To prove an abuse of discretion, the petitioner must demonstrate that the [resolution of the underlying claim involves issues that] are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further." (Internal quotation marks omitted.) *Day* v. *Commissioner of Correction*, 151 Conn. App. 754, 757–58, 96 A.3d 600 (2014); *Maldonado* v. *Commissioner of Correction*, 141 Conn. App. 455, 460–61, 62 A.3d 528, cert. denied, 308 Conn. 941, 66 A.3d 883 (2013).

Practice Book § 23-29 provides in relevant part: "The

judicial authority may, at any time, upon its own motion or upon motion of the respondent, dismiss the petition, or any count thereof, if it determines that . . . (3) the petition presents the same ground as a prior petition previously denied and fails to state new facts or to proffer new evidence not reasonably available at the time of the prior petition . . . ."

"Our Supreme Court has stated that [i]n our case law, we have recognized only one situation in which a court is not legally required to hear a habeas petition. In *Negron* v. *Warden*, [180 Conn. 153, 158, 429 A.2d 841 (1980)], we observed that, pursuant to Practice Book [§ 23–29], [i]f a previous application brought on the same grounds was denied, the pending application may be dismissed without hearing, unless it states new facts or proffers new evidence not reasonably available at the previous hearing. . . . In this context, a ground has been defined as sufficient legal basis for granting the relief sought. . . .

"[A] petitioner may bring successive petitions on the same legal grounds if the petitions seek different relief. . . . But where successive petitions are premised on the same legal grounds and seek the same relief, the second petition will not survive a motion to dismiss unless the petition is supported by allegations and facts not reasonably available to the petitioner at the time of the original petition." (Internal quotation marks omitted.) *Wright* v. *Commissioner of Correction*, 147 Conn. App. 510, 514–15, 83 A.3d 1166 (2014); see also *Asif* v. *Commissioner of Correction*, 132 Conn. App. 526, 529–30, 32 A.3d 967 (2011), cert. denied, 304 Conn. 901, 37 A.3d 745 (2012).

In each of his three habeas actions, the petitioner alleged that Eschuk had provided ineffective assistance of counsel. Furthermore, in each petition he requested that he be released from confinement and granted a new trial. The habeas court dismissed the third petition because it was based on the same ground and sought the same relief as the prior petitions. See *Smith* v. *Commissioner of Correction*, 122 Conn. App. 637, 641–42, 999 A.2d 840 (2010), cert. denied, 300 Conn. 901, 12 A.3d 574 (2011). "A ground is a sufficient legal basis for granting the relief sought." (Internal quotation marks omitted.) *James L.* v. *Commissioner of Correction*, 245 Conn. 132, 141, 712 A.2d 947 (1998). "Identical grounds may be proven by different factual allegations, supported by different legal arguments or articulated in different language." (Internal quotation marks omitted.) *Smith* v. *Commissioner of Correction*, supra, 641–42. However they are proved, the grounds that the petitioner asserted are identical in that each alleges ineffective assistance of counsel, and, therefore, the habeas petition was properly dismissed. We also note that there is no claim that the third habeas petition contains newly discovered facts. See, e.g., id., 640. Because it is clear

that the habeas court properly dismissed the petitioner's third habeas action, we conclude that the court did not abuse its discretion in denying the petition for certification to appeal.

The appeal is dismissed.

[1] The petitioner is also known as Ruperto Lugo. See *State* v. *Lugo*, 266 Conn. 674, 835 A.2d 451 (2003).

[2] The petitioner also alleged that his constitutional rights were violated as a result of various incidents of misconduct by the members of the jury. The habeas court concluded that these claims failed under the affirmative defense of procedural default.

[3] "A claim of ineffective assistance of counsel consists of two components: a performance prong and a prejudice prong. To satisfy the performance prong, a claimant must demonstrate that counsel made errors so serious that counsel was not functioning as the counsel guaranteed . . . by the [s]ixth [a]mendment. . . . To satisfy the prejudice prong, a claimant must demonstrate that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. . . . Because both prongs . . . must be established for a habeas petitioner to prevail, a court may dismiss a petitioner's claim if he fails to meet either prong." (Internal quotation marks omitted.) *O'Neil* v. *Commissioner of Correction*, 142 Conn. App. 184, 189–90, 63 A.3d 986, cert. denied, 309 Conn. 901, 68 A.3d 656 (2013).